# THOMPSON *v.* THOMPSON.

## APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

### No. 45.   Argued November 8, 1912.—Decided January 6, 1913.

Notwithstanding the obligation to make continuing payments for maintenance of a wife and children is not, even when fixed by judicial decree, in the nature of a technical debt, it may, when so fixed, be estimated on expectancy of life, and the total amount may sustain a jurisdiction based on amount involved.

Statutory maintenance is assimilated to alimony under § 980 of the Code of the District of Columbia.

In this case, as the amount due under a judgment of the Supreme Court of the District of Columbia for support and maintenance at the rate of $75.00 a month together with amount to accrue due during expectancy of life of the wife amounts to over $5,000, this court has jurisdiction under the act of February 9, 1893.

The words "every court within the United States" as used in § 905, Rev. Stat., carrying into effect the full faith and credit clause of the Constitution, include the courts of the District of Columbia.

The full faith and credit clause of the Federal Constitution, and the statutes enacted thereunder do not apply to judgments rendered by a court having no jurisdiction.

Under the prior decisions of this court, service of the summons in a suit for divorce may be by publication if brought in a court of the State of matrimonial domicile. *Atherton* v. *Atherton*, 181 U. S. 155; *Haddock* v. *Haddock*, 201 U. S. 562.

The state in which the parties were married, where they resided after marriage, and where the husband resided until the action for divorce was brought, is the matrimonial domicile and has jurisdiction over the absent wife.

A decree of divorce is not valid even when granted by a court of the State of matrimonial domicile except on actual notice to the defendant, or, if a non-resident, by publication according to the law of the State.

Where the law of the State of matrimonial domicile permits the affidavit on which an order of service by publication is granted to be

· made on information and belief, the court acquires jurisdiction and the judgment based thereon is entitled to full faith and credit in the courts of other States.

. This court is bound to assume, in the absence of any general law or policy of a State to the contrary being shown, that where the court adjudges the proceedings to be in accord with proper practice that such is the case.

Although an affidavit used as a basis for an order of publication of the summons may be defective in the mode of stating·material facts, if the facts are stated, the judgment, though voidable on direct attack, is not void on its face and *coram non judice*.

Where the courts of a State have held that a wife may by her conduct forfeit the right to the support of her husband, and cannot have alimony on a divorce decreed in his favor, the courts of other States must give the decree full faith and credit as foreclosing the right of the wife to have alimony and a bar to a suit for maintenance in the · courts of other States.

35 App. D. C. 14, affirmed.

THE facts, which involve the degree of faith and credit to be given by the courts of the District of Columbia to a judgment of divorce obtained in Virginia on service of the summons by publication, are stated in the opinion.

*Mr. William M. Lewin* for appellant:

This court has jurisdiction. Section 980 of the Code is declaratory of the inherent powers of a court of equity, and alimony and maintenance mean the same thing. *Lesh* v. *Lesh*, 21 App. D. C. 475, 488.

Prior to the effect of the Code the amount of alimony, even when in arrears, might, for cause shown, be changed by the court. *Tolman* v. *Leonard*, 6 App. D. C. 224, 233; *Davis* v. *Davis*, 29 App. D. C. 258, 263.

The Code provides for enforcement of decrees of the Supreme Court of the District of Columbia, and a decree for alimony, or maintenance, is no exception to this rule. It is subject to immediate execution, and is appealable. Code D. C., § 113; *Lesh* v. *Lesh*, 21 App. D. C. 475, 484, 485.

The court's discretion as to the amount is, in the first instance, judicial, not arbitrary. The discretion as to future installments is equally so, and such installments will not be interfered with except for good cause shown. *Weber* v. *Travelers' Ins. Co.,* 45 Fed. Rep. 657; *Langan* v. *Langan,* 86 California, 132, 133; *McCaddin* v. *McCaddin,* 116 Maryland, 567, 574.

It is not necessary that the amount in controversy should be expressly stated in the bill of complaint. *United States* v. *Freight Association,* 166 U. S. 290, 310; *Ex parte Bradstreet,* 7 Pet. 634, 647.

The appellate jurisdiction of this court extends to all cases in which there is a final decree involving more than five thousand dollars.

The decree of the Court of Appeals, from which this appeal is taken, is undoubtedly a final decree, and its finality is not affected by the fact that leave is given to apply at the foot of the decree. *C. & P. Tel. Co.* v. *Manning,* 186 U. S. 238, 241; *French* v. *Shoemaker,* 12 Wall. 86, 98; *Red River Cattle Co.* v. *Needham,* 137 U. S. 632, 635.

A claim of alimony, even *pendente lite,* may afford the basis of this court's jurisdiction on appeal. *De La Rama* v. *De La Rama,* 201 U. S. 303, 318.

The fact that the decree provides that payment shall be made periodically, instead of *in solido,* does not affect the question of jurisdiction, as the amount of the possible, indeed reasonably probable, payments under the decree will exceed five thousand dollars. *B. & O. S. W. R. R.* v. *United States,* 220 U. S. 94, 106.

In determining the amount involved, for the purpose of appeal, the scope of the inquiry may be, and generally is, broader in a suit in equity than in a case at law. *Stinson* v. *Dousman,* 20 How. 461, 466–467; *N. E. Mortgage Co.* v. *Gay,* 145 U. S. 123, 131–132; *Troy* v. *Evans,* 97 U. S. 1, 3; *Marshall* v. *Holmes,* 141 U. S. 463, 595.

Jurisdiction in this case is measured by the value of

the right to be protected, and not by the value of some mere isolated element of that right. *Berryman* v. *Whitman College*, 222 U. S. 334, 346.

Statutes regulating appeals are remedial, and this court has always construed them liberally. *The Paquete Habana*, 175 U. S. 677, 682; *Wetmore* v. *Rymer*, 169 U. S. 115, 128; *Harris* v. *Barber*, 129 U. S. 366, 369–370; *Smith* v. *Whitney*, 116 U. S. 167, 173; *Audubon* v. *Shufeldt*, 181 U. S. 575, 578.

The decree is limited by the pleadings, which adhere to the requirements of the Code. The meaning of the decree, therefore, is that the husband shall pay to the wife at the least the sum of seventy-five dollars a month as long as the child may be dependent upon her for care and support. *Barnes* v. *Chic. &c. Ry.*, 122 U. S. 1; *Pierce* v. *Tenn. Coal &c. R. R. Co.*, 173 U. S. 1, 9; *Ex parte Hart*, 94 California, 254; *Carnig* v. *Carr*, 167 Massachusetts, 544; *McCaddin* v. *McCaddin*, 116 Maryland, 567, 574.

This court will take judicial notice of the usual tables, showing the expectancy of life of the parties and of the child. *Lincoln* v. *Power*, 151 U. S. 436, 441.

The Virginia decree was not final within the meaning of the full faith and credit clause of the Constitution. Virginia Code, § 3233.

Defendant was not served with process under the provisions of § 3232 of the Code of Virginia. *Raub* v. *Otterback*, 89 Virginia, 645.

This left the decree subject to be set aside in the discretion of the court.

While the appellant's rights cannot be made to depend upon this element of favor or discretion, it is sufficient to prevent the decree being final within the meaning of the full faith and credit clause of the Constitution. *Cheely* v. *Clayton*, 110 U. S. 701, 708; *Roller* v. *Holly*, 176 U. S. 398, 409; *Lynde* v. *Lynde*, 181 U. S. 183, 187.

The jurisdictional affidavit in the Virginia case, being

made upon information and belief, is not sufficient as a basis for an order of publication; such publication was therefore unauthorized and all proceedings based upon it null and void. Hollingsworth v. Barbour, 4 Pet. 466, 474; Clowser v. Hall, 80 Virginia, 864; Rice v. Ames, 180 U. S. 371, 374; Holmes v. Holmes, 15 Nebraska, 615, 616; Fulton v. Levy, 21 Nebraska, 478, 482. And see Virginia Code, § 2959, 3230, 3282; Form of Affidavit for Attachment, Code, p. 1571; Form of Order of Publication, Code, p. 1702.

An order of publication is not a pleading, it is process. Loeb v. Columbia &c. Trustees, 179 U. S. 472, 482; § 954, Rev. Stat.; Brownfield v. South Carolina, 189 U. S. 426, 428; Tucker v. United States, 151 U. S. 164, 169.

Process by means of publication is purely statutory and not according to the course of the common law, and it can only be instituted in the manner required by the statute. Cooper v. Newell, 173 U. S. 555, 572.

If the affidavit had been as to the defendant's domicile, which may present a mixed question of law and fact, there would be some basis for the contention that an affidavit upon information and belief would be sufficient, but as to the mere fact of residence the affidavit must be positive. Jackson v. Webster, 6 Munf. (Va.) 462, 464; Clowser v. Hall, 80 Virginia, 864.

Judgments which have an effect on personal rights, as in divorce suits, are not to be assimilated too closely to those cases in which the jurisdiction is acquired by seizure of the property involved. Cooper v. Reynolds, 10 Wall. 308, 319; Hamilton v. Brown, 161 U. S. 256, 274; Haddock v. Haddock, 201 U. S. 562, 576; Dargan v. Richardson, Dud. (S. C.) 62; Allen v. Scurry, 1 Yerg. (Tenn.) 36; Lockwood v. Nye, 2 Swan (Tenn.), 515; and see In re Pensacola Lumber Co., 8 Benedict, 171, 174.

Mr. Joseph W. Cox, with whom Mr. A. E. L. Leckie and Mr. John A. Kratz, Jr., were on the brief, for appellee:

This court is without jurisdiction; $5,000 is not involved.

The value must be actual value—not a value based upon speculation on possibilities. *Barry* v. *Mercein,* 5 How. 103; *Kurtz* v. *Moffitt,* 115 U. S. 487; *Durham* v. *Seymour,* 161 U. S. 235; *Huntington* v. *Saunders,* 163 U. S. 319; Foster's Fed. Practice, Vol. 1, 4th Ed., p. 87.

The decree of the Virginia court, if valid in Virginia, is binding upon the parties in the District of Columbia and a bar to the wife's claim for maintenance. *Atherton* v. *Atherton,* 181 U. S. 155. *Haddock* v. *Haddock,* 201 U. S. 562, does not apply to this case.

The two cases last cited hold that if a suit is brought at the matrimonial domicile of a husband whose domicile coincides with the domicile of matrimony, the decree obtained is, by virtue of the Constitution, entitled to full faith and credit; but that if the husband removes from the matrimonial domicile and the wife remains, a decree obtained by the husband in his new place of abode is not entitled to full faith and credit. And see *Downs* v. *Downs,* 23 App. D. C. 381; 14 Cyc. 729.

So long as the finding of wrongful desertion is undisturbed, the courts of Virginia could not allow maintenance to the wife. *Harris* v. *Harris,* 31 Gratt. 13, 17; *Carr* v. *Carr,* 22 Gratt. 168; *Latham* v. *Latham,* 30 Gratt. 338.

The effect of the decree in Virginia being to bar the wife's right to maintenance, it is also a bar to her suit for maintenance in the District of Columbia.

Under § 3233, Virginia Code, if appellant had sustained any injustice, by reason of the fact that she was an absent defendant and did not appear, she could at any time within three years have had said decree set aside by showing that it was inequitable or unjust to her.

The Virginia decree is not invalid in that State because of insufficiency of the affidavit filed as the basis of the order of publication.

Under § 3230, the affidavit is in all respects sufficient to form a basis for the publication. 7 Ency. Pl. & Pr. 110; 17 Ency. Pl. & Pr. 60; *Adam* v. *Hudson,* 98 Michigan, 51; *Pennoyer* v. *Neff,* 95 U. S. 714, 721; *Long* v. *Fife,* 45 Kansas, 271; *Belmont* v. *Cornen,* 82 N. Y. 256; *Rowe* v. *Palmer,* 29 Kansas, 240; *Smith* v. *Smith,* 3 Oregon, 363; *Ligare* v. *R. Co.,* 76 California, 610; *Lawson* v. *Moorman,* 85 Virginia, 880; *Harris* v. *Claflin,* 36 Kansas, 543; *Briton* v. *Larson,* 23 Nebraska, 806; *Fulton* v. *Levy,* 21 Nebraska, 478.

The giving of personal notice in the District of Columbia did not vitiate the constructive notice of publication and render the decree void in Virginia. 7 Ency. Pl. & Pr., p. 109; *Burnes* v. *Burnes,* 61 Mo. App. 612; *Dresser* v. *Wood,* 15 Kansas, 344.

In any event, the wife failed upon the testimony offered to establish that she was entitled to maintenance.

MR. JUSTICE PITNEY delivered the opinion of the court.

This is an appeal from a decree of the Court of Appeals of the District of Columbia, reversing a decree of the Supreme Court of the District in favor of the wife in a suit for maintenance, brought under § 980 of the District Code, act of March 3, 1901, 31 Stat. 1346, c. 854. The bill of complaint was filed July 29, 1907, and charged the husband with failing and refusing to maintain the complainant and with cruel treatment of such character as to compel her to leave him. Upon the filing of the bill a subpœna to answer was issued and returned "not found," whereupon *alias* and *pluries* writs were successively issued and returned until November 18, 1907, when the husband was served with process. Meanwhile, and on September 3, 1907, he brought suit against the wife in the Circuit Court of Loudoun County, Virginia, for divorce *a mensa et thoro,* upon the ground that on June 13, 1907, the wife wilfully abandoned his bed and board and deserted him

without cause, and that notwithstanding his repeated entreaties and endeavors to induce her to return she had refused to do so. An order of publication having been made and published, the Virginia court, on October 19, 1907, made a decree granting to the husband a divorce *a mensa et thoro*. He thereafter, on being served as already mentioned with process in the wife's suit, filed a plea setting up the Virginia decree and the proceedings upon which it was rendered, as a bar to her action. This plea was, on hearing, overruled, the husband being allowed time in which to answer the bill. He answered, denying the wife's charges of cruelty and setting up other matters pertaining to the merits, and also averred that his domicile, as well as the matrimonial domicile of the parties, was in Loudoun County, Virginia, and again pleaded the Virginia proceedings and decree as a bar to the wife's suit. The Supreme Court of the District upon final hearing held the Virginia divorce to be invalid and made a decree awarding to the wife custody of an infant child born to the parties during the pendency of the proceedings, and requiring the husband to pay to the wife $75 per month for the maintenance of herself and the child, to forthwith pay to her the sum of $500 for counsel fees, and also to pay the costs of suit to be taxed. From this decree the husband appealed to the Court of Appeals of the District, which court reversed the decree and remanded the cause, with directions to enter an order vacating the decree and dismissing the bill. 35 App. D. C. 14.

The present appeal is based upon § 8 of the act of February 9, 1893, to establish a Court of Appeals for the District of Columbia, and for other purposes (27 Stat. 434, 436, c. 74), which section gives a writ of error or appeal to review in this court any final judgment or decree of the Court of Appeals "in all causes in which the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars." Appellee challenges our jurisdiction,

on the ground that the matter here in dispute does not exceed the sum mentioned.

Under the decree of the Supreme. Court the payments of $75 per month for support of the wife and child were to commence on July 15, 1909. Supposing that decree to be now reinstated by a reversal of the decree of the Court of Appeals, the installments already accrued would amount to considerably more than one-half of the jurisdictional amount. The expectancy of life of the parties is clearly sufficient to make up the balance.

It is true that the obligation to make such payments for maintenance in the future, even when fixed by judicial decree, is not in the nature of a technical debt.

Section 980 of the District Code (31 Stat. 1346, c. 854) upon which the present action is based, enacts—"Whenever any husband shall fail or refuse to maintain his wife and minor children, if any, although able to do so, the court, on application of the wife, may decree that he shall pay her, periodically, such sums as would be allowed to her as permanent alimony in case of divorce for the maintenance of herself and the minor children committed to her care by the court, and the payment thereof may be enforced in the same manner as directed in regard to such permanent alimony." The matter of permanent alimony is dealt with in §§ 976, 977 and 978, the latter of which provides—"After a decree of divorce in any case granting alimony and providing for the care and custody of children, the case shall still be considered open for any future orders in those respects."

The statutory maintenance is thus assimilated to alimony, in that it is subject to be modified from time to time or even cut off entirely, in the event of a change in the circumstances of the parties; and it of course ceases wholly upon the death of the husband. See *Lynde* v. *Lynde*, 181 U. S. 183; *Audubon* v. *Shufeldt*, 181 U. S. 575, 578; *Lynde* v. *Lynde*, 64 N. J. Eq. 736, 751.

Nevertheless, such a decree clearly and finally settles the obligation of the husband to contribute to the support of the wife and offspring, and fixes the amount of contributions required for the present to fulfill that obligation. The future payments are not in any proper sense contingent or speculative, although they are subject to be increased, decreased or even cut off, as just indicated.

The statute conferring jurisdiction on this court, while requiring that the matter in dispute shall exceed five thousand dollars, does not require that it shall be of such a nature as to constitute (if the event be favorable) a technical debt of record. In *Smith* v. *Whitney*, 116 U. S. 167, 173, the matter in dispute was stated to be "whether the petitioner is subject to a prosecution which may end in a sentence dismissing him from the service, and depriving him of a salary, as paymaster general during the residue of his term as such, and as pay inspector afterwards, which in less than two years would exceed the sum of five thousand dollars." This court sustained the appellate jurisdiction. That case has been repeatedly cited upon the present point, *Smith* v. *Adams*, 130 U. S. 167, 175; *South Carolina* v. *Seymour*, 153 U. S. 353, 358; *Simon* v. *House*, 46 Fed. Rep. 317, 318; *Chesapeake & Delaware Canal Co.* v. *Gring*, 159 Fed. Rep. 662, 664; and its authority upholds our jurisdiction in the case before us.

The next question is whether the Court of Appeals was right in holding that the Supreme Court of the District erred in refusing to give credit to the Virginia decree.

Art. IV, § 1, of the Constitution declares that "Full faith and credit shall be given in each State to the *public* acts, records, and judicial proceedings of every other State. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof." By § 905, Rev. Stat., the mode in which such acts, records, and proceedings are to be proved was prescribed; and it was enacted

that "The said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken." This latter clause finds its origin in the first act passed by Congress to carry into effect the constitutional mandate (act of May 26, 1790, c. 11, 1 Stat. 122); and, in an early case, it was held that the words "every court within the United States" include the courts of the District of Columbia, and require those courts to give full faith and credit to the judicial proceedings of the several States when properly authenticated. *Mills* v. *Duryee,* 7 Cranch, 481, 484, 485.

But it is established that the full faith and credit clause, and the statutes enacted thereunder, do not apply to judgments rendered by a court having no jurisdiction of the parties or subject-matter, or of the *res* in proceedings *in rem.* *D'Arcy* v. *Ketchum,* 11 How. 165; *Thompson* v. *Whitman,* 18 Wall. 457; *Reynolds* v. *Stockton,* 140 U. S. 254; *Bigelow* v. *Old Dominion Copper Co.,* 225 U. S. 111, 134.

This subject in its relation to actions for divorce has been most exhaustively considered by this court in two recent cases; *Atherton* v. *Atherton,* 181 U. S. 155; *Haddock* v. *Haddock,* 201 U. S. 562. In the *Atherton Case* the matrimonial domicile was in Kentucky, which was also the domicile of the husband. The wife left him there and returned to the home of her mother in the State of New York. He began suit in Kentucky for a divorce *a vinculo matrimonii* because of her abandonment, which was a cause of divorce by the laws of Kentucky, and took such proceedings to give her notice as the laws of that State required, which included mailing of notice to the postoffice nearest her residence in New York. No response or appearance having been made by her, the Kentucky court proceeded to take evidence and grant to the hus-

band an absolute decree of divorce. It was held that this decree was entitled to full faith and credit in the courts of New York. In the *Haddock Case*, the husband and wife were domiciled in New York, and the husband left her there, and, after some years, acquired a domicile in Connecticut, and obtained in that State, and in accordance with its laws, a judgment of divorce, based upon constructive and not actual service of process on the wife, she having meanwhile retained her domicile in New York, and having made no appearance in the action. The wife afterwards sued for divorce in New York, and obtained personal service in that State upon the husband. The New York court refused to give credit to the Connecticut judgment, and this court held that there was no violation of the full faith and credit clause in the refusal, and this because there was not at any time a matrimonial domicile in the State of Connecticut, and therefore the *res*—the marriage status—was not within the sweep of the judicial power of that State.

In the present case it appears that the parties were married in the State of Virginia, and had a matrimonial domicile there, and not in the District of Columbia or elsewhere. The husband had his actual domicile in that State at all times until and after the conclusion of the litigation. It is clear, therefore, under the decision in the *Atherton Case* and the principles upon which it rests, that the State of Virginia had jurisdiction over the marriage relation, and the proper courts of that State could proceed to adjudicate respecting it upon grounds recognized by the laws of that State, although the wife had left the jurisdiction and could not be reached by formal process.

But in order to make a divorce valid even when granted by the courts of the State of the matrimonial domicile, there must be notice to the defendant, either by service of process, or (if the defendant be a non-resident) by such publication or other constructive notice as is required by

the law of the State.  *Cheely* v. *Clayton,* 110 U. S. 701. *Atherton* v. *Atherton,* 181 U. S. 155, 171, 172.  In *Cheely* v. *Clayton,* because the notice was published against the defendant without making such effort as the local law required to serve process upon her within the State, this court held, following repeated decisions of the state court, that the decree of divorce was wholly void for want of jurisdiction in the court that granted it; and that the liberty conferred by the local statute upon a defendant on whom constructive service only had been made to apply within three years to set the decree aside did not make it valid when the constructive service was so defective.

The Virginia decree now in question is attacked for want of jurisdiction on the ground that the affidavit used as a basis for the order of publication was made upon information and belief, and not upon personal knowledge. It is insisted that the order was therefore unauthorized and all proceedings based upon it null and void.

By § 3230 of the Virginia Code it is provided that— "On affidavit that a defendant is not a resident of this State  .  .  .  an order of publication may be entered against such defendant."  Succeeding sections prescribe the form of the order, the mode of publication, and the proceedings to be taken when the order has been thus executed.

The record of the Virginia proceedings shows that on September 3, 1907, in the clerk's office of the Circuit Court of Loudoun County, "the said Charles N. Thompson filed an affidavit setting forth that the said Jessie E. Thompson was not a resident of the State of Virginia, said affidavit to be used as basis for an order of publication against the said Jessie E. Thompson,  .  .  .  in the words and figures following, to wit: 'Charles N. Thompson, plaintiff, this day made oath before me in said office that Jessie E. Thompson defendant in the suit aforesaid, is not a resident of the said State, as he is informed and verily believes.'"

This was certified by the clerk of the court as permitted by the state practice. The order of publication follows, which, after setting forth the title of the court, the names of the parties and the object of the suit, proceeds thus: "It appearing from legal evidence that the said defendant is not a resident of this State, it is ordered that she do appear within fifteen days after due publication hereof, in the clerk's office of our said court, and do what is necessary to protect her interests." There follow certificates of the publication and public posting of the required notice, and subsequent proceedings resulting in the final decree, which is to the following effect: "It appearing that the complainant hath proceeded regularly at rules to mature his suit against defendant, who is a non-resident of Virginia, both by personal service of process and by publication, in the mode prescribed by statute, this case was set down for hearing and came on this day to be heard on said proceedings at rules, the bill of complaint and the depositions of witnesses regularly taken and returned to the court; on consideration whereof, the court being of the opinion that complainant hath made out his case by legal evidence, doth adjudge, order and decree that the prayer of the bill be and the same is hereby granted; that the complainant, Charles N. Thompson, be and hereby is granted a divorce *a mensa et thoro* from said defendant Jessie E. Thompson; and that each of them be and he and she are divested of all marital rights in the other's property. And it is further ordered that this cause be placed upon the suspended docket, with leave to the complainant to apply for further relief whenever he may be advised that he is entitled thereto." (*Note:* We disregard the recital of "personal service of process," because the service referred to appears to have been made in the District of Columbia, and whether it was in season to serve any useful purpose under the Virginia practice is questionable.)

The record clearly imports a determination by the Virginia court that the affidavit of non-residence, although based upon information and belief, amounted to "legal evidence," and was in conformity with "the mode prescribed by statute." We are not referred to any provision of the Virginia Code, nor to any decision of the courts of that State, that excludes the use of such evidence for such a purpose. Section 3282 of the Code provides that "where an affidavit is required in support of any pleading, it shall be sufficient, if the affiant swear that he believes it to be true." Under the Code of 1874, chap. 148, § 1, which provided for the issuance of a writ of attachment against non-resident debtors, and required "an affidavit stating the amount and justice of the claim, that there is present cause of action therefor, that the defendant or one of the defendants is not a resident of this State, and that the affiant believes he has estate or debts due him within the county or corporation in which the suit is," it was held that so much of the affidavit as set forth the amount and justice of the claim, that there was present cause of action therefor, and that the defendant was non-resident in the State, must be absolute, and not made upon information and belief. *Clowser* v. *Hall*, 80 Virginia, 864. This decision was in 1885, and thereafter the section relating to foreign attachments was amended by permitting all of the averments of the affidavit to be based upon the belief of the plaintiff, his agent or attorney. Va. Code, § 2959.

We are not able to discover here or elsewhere any general law or policy of the State of Virginia excluding the use of affidavits based upon information and belief as the foundation of an order of publication. In the very decree before us the Virginia court has adjudged such an affidavit to be sufficient. We are therefore bound to assume that the use of such an affidavit is in accord with proper practice in that State.

But, were it otherwise, it seems well settled that where the affidavit used as the basis for an order of publication is defective, not in omitting to state a material fact, but. in the mode of stating it or in the degree of proof, the resulting judgment, even though erroneous and therefore voidable by direct attack, cannot be said to be *coram non judice* and therefore void on its face. *Atkins* v. *Atkins*, 9 Nebraska, 191, 200; *Pettiford* v. *Zoellner*, 45 Michigan, 358, 362; *Adams* v. *Circuit Judge*, 98 Michigan, 51; *Long* v. *Fife*, 45 Kansas, 271; *Belmont* v. *Cornen*, 82 N. Y. 256; 7 Encyc. Pl. & Pr. 110; 17 Encyc. Pl. & Pr. 60, 61.

The material fact upon which, according to the laws of that State, the jurisdiction of the Virginia court depended, was the non-residence of the defendant. The Code required (§ 3230) that this fact should appear by affidavit. The affidavit in question set forth the fact; the circumstance that it was averred on information and belief affected merely the degree of proof. In the absence of any local law excluding the use of such an affidavit the decision of the state court accepting it as legal evidence must be deemed sufficient on collateral attack to confer jurisdiction on that court over the subject-matter in accordance with local laws.

This being so, it is clear that the resulting decree is entitled, under the act of Congress, to the same faith and credit that it would have by law or usage in the courts of Virginia. As the laws of that State provide for a divorce from bed and board for the cause of desertion, and confer jurisdiction of suits for divorce upon the Circuit Courts, (Va. Code, §§ 2257, 2258, 2259, 2260, 2264, 2266; *Bailey* v. *Bailey*, 21 Gratt. 43; *Carr* v. *Carr*, 22 Gratt. 168; *Latham* v. *Latham*, 30 Gratt. 307); and since the courts of Virginia hold upon general principles that alimony has its origin in the legal obligation of the husband to maintain his wife, and that although this is her right she may by her conduct forfeit it, and where she is the offender she cannot

have alimony on a divorce decreed in favor of the husband, (*Harris* v. *Harris*, 31 Gratt. 13), it is plain that such a decree forecloses any right of the wife to have alimony or equivalent maintenance from her husband under the law of Virginia.

From this it results that the Court of Appeals of the District of Columbia correctly held that the Virginia decree barred the wife's action for maintenance in the courts of this District.

*Decree affirmed.*