## Mianulli v. Mianulli

*Harry Fuiman,* for plaintiff.

ALESSANDRONI, J., July 14, 1944.—This is a bill in equity by Antonetta Mianulli to restrain her husband, Angelo Mianulli, from prosecuting his action in divorce against her in Miami, Fla.

Upon the pleadings and testimony taken thereunder the court makes the following:

### Findings of fact

1. Plaintiff, Antonetta Mianulli, and defendant, Angelo Mianulli, were married on February 2, 1920, at Philadelphia, Pa., and the marriage relation still subsists between them.

2. Plaintiff, Antonetta Mianulli, has been, since the date of the said marriage, and is presently domiciled

at Philadelphia, Pa., residing at 1534 South Front Street, in said city.

3. Defendant, Angelo Mianulli, was a resident of Philadelphia on or about May 19, 1941, when he deserted plaintiff and their four children born of this marriage, leaving her without cause and contributing no financial support to plaintiff or their children since the said date.

4. Plaintiff and defendant had lived and cohabited as husband and wife at 1534 South Front Street, Philadelphia, Pa., from the date of their marriage until about the middle of May 1941.

5. On or about February 14, 1944, plaintiff, Antonetta Mianulli, was served by mail with a notice to appear in a divorce proceeding arising in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Fla., in chancery, cause no. 82942, wherein Angelo Mianulli was plaintiff and Antonetta Mianulli, defendant. Plaintiff, Antonetta Mianulli, was not given notice as to the nature of the complaint against her in the said divorce proceedings.

6. Inquiry by Harry Fuiman, Esq., attorney for plaintiff herein, from the clerk of the court in the said divorce action by Angelo Mianulli, plaintiff, against Antonetta Mianulli, defendant, elicited the information that the said Angelo Mianulli was suing Antonetta Mianulli on the ground of desertion and demanded payment for a copy of the bill of complaint in said divorce suit in the aforementioned Florida court.

7. Defendant, Angelo Mianulli, deserted plaintiff, Antonetta Mianulli, and absented himself from this jurisdiction for the purpose of cohabiting with a sister of plaintiff, one Jennie Grillone, and is at the present time living with the said Jennie Grillone at Miami, Fla.

8. Plaintiff, Antonetta Mianulli, is financially unable to go to Florida to defend the aforesaid divorce action against her by defendant, Angelo Mianulli.

9. Defendant, Angelo Mianulli, is not domiciled in the State of Florida, and the domicile alleged is for the purposes of an action in divorce against Antonetta Mianulli.

10. Said action in divorce instituted by Angelo Mianulli is fraudulent and was instituted for the purpose of evading and avoiding the laws of the Commonwealth of Pennsylvania.

11. Defendant, Angelo Mianulli, was served at his matrimonial domicile at 1534 South Front Street, Philadelphia, Pa., with a true and correct copy of the bill in equity and decree of preliminary injunction in this matter by handing same to Pauline Mianulli, an adult daughter of the said Angelo Mianulli on March 1, 1944; and supplemental service, by order of this court, was made personally upon defendant, Angelo Mianulli, at Miami, Fla., by a deputy sheriff of Dade County, Fla., on February 29, 1944, and hence this court has jurisdiction over the said Angelo Mianulli in this action.

### Discussion

The facts in this case present for determination the single question whether one party to the matrimonial status may, under circumstances of guilt, abandon the matrimonial domicile and acquire a new one sufficient in law to satisfy the jurisdictional requirements for a valid divorce proceeding.

The testimony adduced before us establishes that defendant, Angelo Mianulli, became enamoured of plaintiff's sister and indulged in improper relations with her. Upon being threatened with criminal prosecution by plaintiff, he abandoned plaintiff and their four children and moved to Miami, Fla.

Plaintiff has attempted to prove that the Florida residence of defendant is fraudulent because it was acquired only for the purpose of securing a divorce.

We do not so regard it but believe that the relief prayed for should be granted nevertheless. This proceeding does not present the more typical aspects of a hasty trip to a foreign jurisdiction for a stay sufficient in duration only to meet the minimum procedural requirements of the applicable divorce statute. Defendant has been out of this jurisdiction for three years and his physical severance, despite the continuation of utility services in his name, is complete. However, while he may have acquired a sufficient residence in the State of Florida for all general purposes, including the exercise of his right of suffrage, taxation, and the like, for purposes of the matrimonial status and the severance of that bond he is still domiciled in Pennsylvania, whose interest in his marital status here may and does limit such new acquisition.

It has been consistently recognized that the matrimonial domicile persists in the law until a new one is acquired. Neither party may acquire a new domicile, even by a physical separation, when such attempted change is for the very purpose of severing the marriage relationship: Andrews v. Andrews, 188 U. S. 14; Haddock v. Haddock, 201 U. S. 562. Plaintiff, who was innocent of wrong, could institute an action for divorce against defendant, for the matrimonial domicile is here and the jurisdiction persists: Thompson v. Thompson, 226 U. S. 551. It would be anomalous to recognize this right in plaintiff and yet sit by and permit defendant to assert a like right, founded on his own wrongdoing.

The recent decision by the Supreme Court in the case of Williams et al. v. North Carolina, 317 U. S. 287, does not change the observations above noted. In that case the propriety of the domicile acquired by the parties was not under attack. We do not understand the reference in that case to the earlier case of Haddock v. Haddock to change the unchallenged rule

that the bona fides of domicile and the jurisdiction of the court founded upon alleged domicile can always be challenged. To deny this right of inquiry is to bind the hands of one court if they be raised to prevent the perpetration of a fraud in the forum where the divorce is sought: 19 C. J. 377; Commonwealth ex rel. Esenwein v. Esenwein, 153 Pa. Superior Ct. 69; Meng v. Meng, 47 D. & C. 429; Janney v. Janney, 350 Pa. 133.

### Conclusions of law

The divorce action instituted by Angelo Mianulli against Antonetta Mianulli in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Fla., in chancery, cause no. 82942, is fraudulent and void.

### Decree nisi

And now, to wit, July 14, 1944, it is ordered, adjudged, and decreed that defendant, Angelo Mianulli, be and he is hereby enjoined and restrained from:

(a) Instituting or prosecuting any action in divorce against Antonetta Mianulli in any court of the United States of America, or elsewhere, other than in the Courts of Common Pleas of the County of Philadelphia, Pa.

(b) Permitting or causing to be permitted by any agent, servant, or employe any act whatsoever in furtherance of the action in divorce which has now been instituted or which hereafter may be instituted by the said Angelo Mianulli in any court of the United States of America, or elsewhere, except in the Courts of Common Pleas of the County of Philadelphia, Pa.

(c) Contracting a marriage with any person upon the authority or pretended authority of any order or decree which may hereafter be granted or issued to him in the United States of America, or elsewhere, except by the Courts of Common Pleas of the County of Philadelphia, Pa.

(*d*) Performing or doing any act, either directly, indirectly or otherwise, by which the marital status of the complainant, Antonetta Mianulli, may be questioned, jeopardized, changed, altered, or affected in any manner whatsoever, except by the Courts of Common Pleas of the County of Philadelphia, Pa.

(*e*) Doing anything other than to instruct his attorneys, agents, servants, or employes to discontinue and withdraw any proceedings in divorce instituted by him against complainant, Antonetta Mianulli, in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Fla., in chancery, cause no. 82942, or any other foreign country or jurisdiction.

The prothonotary is directed to enter this decree nisi and to give notice thereof to the parties or their counsel and, unless exceptions thereto are filed within 10 days thereafter, the said decree shall become final.

---

NOTE.—No exceptions were filed to the foregoing decree nisi.