Frank VALENCIA, Claimant,

v.

STEARNS ROGER MFG. CO. and Standard Accident Insurance Company, Defendants.

Civ. No. 2649.

United States District Court, D. New Mexico.

Oct. 14, 1954.

Arturo G. Ortega, Albuquerque, N. M., for plaintiff.

William A. Sloan, Albuquerque, N. M., Carl. H. Gilbert, Santa Fe, N. M., A. H. McLeod, Albuquerque, N. M., for defendants.

ROGERS, District Judge.

This cause comes on with two other like causes, upon a motion filed by the claimant to remand it to the District Court of Valencia County. This case was originally filed in the Second Judicial District of the State of New Mexico, within and for the County of Valencia, and bore docket number 7103 thereof.

The claim, which was one for Workmen's Compensation under Article 9, Chapter 57, N.M.S.A.1941, asked judgment against the employer, Stearns

Roger Mfg. Co., and Standard Accident Insurance Company, insurer, for an injury suffered by accident arising out of and in the course of claimant's employment, while working for the said employer on April 13, 1954, at the employer's plant in Albuquerque, New Mexico.

The claim further states that the claimant was working as a laborer in construction work, at which time his average weekly earnings were $66. It is alleged that such injury has caused permanent total disability, with medical, X-ray, surgical and hospitalization expense in excess of $700.

The employer and insurer seasonably filed a petition for removal, on the theory of diversity of citizenship, employer being a Colorado corporation, and insurer a corporation existing under the laws of the State of Michigan. The petition for removal affirmatively states the matter in controversy exceeds, exclusive of interest and cost, the sum of $3,000.

Claimant has filed a motion to remand, as above stated, which motion contains three grounds: the first, that the amount in controversy does not exceed the sum of $3,000, exclusive of interest and costs. The second, that claims for compensation under the Workmen's Compensation Act of New Mexico, are administrative in nature, and not judicial. And third, that the defendant employer has elected to be governed by the laws of the State of New Mexico, by having sought the protection afforded by the Workmen's Compensation Act. Each of the grounds will be discussed in the order raised in the motion to remand.

■ In order to properly adjudge the matters and things presented by the motion to remand, a brief description should be made of the New Mexico Workmen's Compensation Act, same being Article 9, Chapter 57, N.M.S.A.1941. This act may be classified as one of the "Judicial" acts, whereby the workman's compensation claim in the first instance, is filed in a court of record in a District Court of the State of New Mexico, process issued by said Court, and a trial of the cause had, either before the District Judge without a jury, or with a jury. There are certain differences in the procedure between a workmen's compensation case, and the ordinary damage case, such as service in the former by way of registered mail, rather than by a sheriff; a period of time within which to answer the claim, of twenty days, rather than thirty; and a statutory admonition that the trial and determination of the issues be had in as summary a manner as is possible. At the same time, it should be remembered that the issues are drawn by the pleadings, juries are empaneled in the conventional method, and the Act, as has been administered since its inception in 1917, along conventional lines. Witnesses are sworn, are subject to direct and cross examination; the general rules of evidence are applied, written instructions are given the jury, and from an over-all standpoint, the conventional methods of administration of justice are employed in workmen's compensation cases.

■ As is true in all humanitarian statutes, remedial in nature, the Workmen's Compensation Act has received a liberal interpretation from both trial judges and Appellate Courts in New Mexico. This is, of course, as it should be, but the question to be decided herein, is whether such cause is removable, within the purview of 28 U.S.C.A. § 1441(a). This Court is of the opinion this section is the one which must receive the deepest scrutiny, in order to conclude whether any cause is removable from a State Court to a District Court of the United States. For that reason, I am setting this section out in full, as follows:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

It will be seen that questions of hardship, of a liberal or strict construction and administration of justice in any case, are not matters dealt with in the section, itself, these matters apparently being within the scope of one of our three integral branches of government, namely, the Congress of the United States. The Act states that *any* civil action brought in the State Court, of which Federal Courts have original jurisdiction, may be removed by the defendant to the District Court of the United States for the District embracing the place where said action is pending. We must accordingly determine, first, whether the case in question is a case within the purview of this Act, and whether jurisdictional amount is involved.

Taking up, first, the matter of the jurisdictional amount, we will look at the claim. This claim states that the injury in question has caused permanent total disability. Under the New Mexico Act, a claimant is entitled to the sum of $30 a week for 550 weeks, or so long as he does suffer disability, within said 550 week maximum, and he is entitled to medical, X-ray, surgical and hospital expenses in such an amount as the Court may award. See LaRue v. Johnson, 47 N.M. 260, 141 P.2d 321, 326, where, on the basis of the claimant's earnings, compensation of $8.40 a week were due the claimant. The lower court entered a judgment for recovery of compensation for the period of 550 weeks; on objection to the form of the judgment, the Supreme Court quoted the pertinent New Mexico statute, same being 57–916, supra, which, in effect, states that all workmen's compensation judgments shall be against the employer and insurer for the amount then due, and shall also contain an order on the employer for the payment of such workmen of such future amounts at regular intervals during the continuance of such disability, as he may be entitled to. The Court, in interpreting this section, state: "It is obvious that the judgment should have provided that the appellee recover $8.40 per week for 550 weeks, subject to its termination should

the court subsequently adjudge that the disability had ceased."

We thus find that under our statute, the Court requires the person so liable to continue to pay for a maximum of 550 weeks, subject to its termination, should the Court subsequently adjudge that the disability had ceased. This latter provision coming into play in a manner analogous to a condition subsequent in the contract.

Bearing the interpretation of the Supreme Court in mind, we find that the matter has been adequately covered by the Supreme Court of the United States in Aetna Casualty & Surety Co. v. Flowers, 330 U.S. 464, 67 S.Ct. 798, 800, 91 L.Ed. 1024. Justice Douglas, speaking for the Court, stated, among other things, the following:

"Nor does the fact that it cannot be known as a matter of absolute certainty that the amount which may ultimately be paid, if respondent prevails, will exceed $3,000, mean that the jurisdictional amount is lacking. This Court has rejected such a restrictive interpretation of the statute creating diversity jurisdiction. It has held that a possibility that payments will terminate before the total reaches the jurisdictional minimum is immaterial if the right to all the payments is in issue. Brotherhood of Locomotive Firemen v. Pinkston, supra [293 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219]; Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347. Future payments are not in any proper sense contingent, although they may be decreased or cut off altogether by the operation of conditions subsequent. Thompson v. Thompson, supra, 226 U.S. at p[age] 560, 33 S.Ct. [at page] 130."

I accordingly conclude that the requirements for the jurisdictional amount in controversy are met in the case at bar.

The Court is of the opinion that claims for compensation under the New Mexico Workmen's Compensation Act of

New Mexico are judicial in nature, and constitute civil actions within the scope of Section 1441, supra. The cases cited by the plaintiffs as supporting their claim for remand were, without exception, cases where compensation claims were tried before an Industrial Accident Board, or a Compensation Board, which are administrative agencies of the states.

In most of claimant's cases, an appeal was allowed to a state court of the equivalent jurisdiction of our New Mexico District Courts, but trials de novo were not usually features in these cases.

A thorough study has been made of these authorities by the Court, and it has come to the conclusion that in each instance, the substantive rights of the claimant were so inextricably intermingled in the procedural phrases of the local Act, that the quality of the contested matters did not measure up to the concept of a civil suit or action.

An analysis of the New Mexico Workmen's Compensation Act leads to a diametrically different conclusion.

Of the 48 State jurisdictions, only eight or nine have a court-administered Workmen's Compensation Act. Among these are New Mexico, Louisiana, Tennessee and Alabama. United States District Courts have uniformly held as to all of those states, except New Mexico, that Workmen's Compensation cases are actions subject to removal under our removal statute above set forth. See Flowers v. Aetna Casualty & Surety Co., 6 Cir., 163 F.2d 411, which is the same cause which was determined by the Supreme Court of the U. S. as to the jurisdictional amount feature, and referred to above. This cause was later before the Circuit Court of Appeals for the Sixth Circuit, on other questions, among which was whether the action was removable or not, as a civil action in law or equity. The Sixth Circuit, through Justice Miller, held, unequivocally, that it was. Any one interested in this subject is advised to read this decision, as it clearly and thoroughly covers the main cases involved under this point. Some other well-reasoned authorities are Franzen v. E. I. Du Pont De Nemours & Co., 36 F.Supp. 375, District Court of New Jersey. The same case was appealed to the Circuit Court of Appeals of the Third Circuit, and an able opinion appears in 146 F.2d 837.

The Circuit Court of Appeals for the Eighth Circuit, in 1926, sustained removal of a Workmen's Compensation case from the State Court of Louisiana to the U. S. District Court thereof, in Texas Pipe Line Co. v. Ware, 15 F.2d 171.

Our own New Mexico Compensation Act was before the U. S. District Court in Texas, in the case of Stepp v. Employers' Liability Assurance Corp., D.C., 30 F.Supp. 558. That court likewise held that the case was a civil case, removable under the Federal Statute.

█ I do not believe that matters such as inconvenience and a possibility of added costs or expense are material in this matter, when a question of removability is concerned. If the case is a civil cause, and there are present the necessary elements of a jurisdictional amount, and diversity of citizenship, the cause should be removed, and the Act judicially administered in a liberal, beneficent way.

█ The last matter urged by the claimant is that the employer elected to be governed by the laws of New Mexico, by having sought the protection afforded by the Workmen's Compensation Act. A reading of the cases of Quinette v. Pullman Co., 8 Cir., 233 F. 980; Stewart v. Ferer, 10 Cir., 163 F.2d 183; Atchison, Topeka & Santa Fe Railway Co. v. Sowers, 213 U.S. 55, 29 S.Ct. 397, 53 L.Ed. 695; and Davila v. Hilton Hotels International, D.C., 97 F.Supp. 32, convinces this Court that a state cannot constitutionally provide, by statute, an instrumentality whereby the right to remove a case to a Federal tribunal can be waived. It should be remembered that under Section 57–905, the three conventional defenses of a master in an action for damages by a servant, that

of contributory negligence, assumption of risk, or negligence by a fellow servant, are abrogated, whether or not the employer comes under the New Mexico Workmen's Compensation Law. The doctrine of waiver as to removability of a cause has only application to a situation which arises after the litigation has been commenced. See Davila v. Hilton Hotels International, supra.

I cannot see how a doctrine of waiver is involved in this case, in any respect.

█ It should be mentioned, a contrary result on this very problem was reached by another Judge in this District. I do not believe that a contrary decision, especially when an order to remand is not subject to an appeal, is binding, under the doctrine of comity, on this Court. This Court has read, re-read, studied and researched all of the theories, citations and arguments contained in the very able opinion heretofore rendered in this District, but it is constrained to hold differently in the matter, following protracted arguments had in this instant cause.

Orders in conformity with this opinion will be presented to the Court as soon as possible.