Stella J. TAYLOR, Plaintiff,

v.

Allen W. TAYLOR, Defendant.

Civ. A. No. 71–C–75–D.

United States District Court,
W. D. Virginia,
Danville Division.

Feb. 14, 1972.

Frank O. Meade, Meade, Tate & Meade, Danville, Va., for plaintiff.

Charles R. Warren, Jr., Warren, Parker & Williams, Danville, Va., for defendant.

## OPINION and JUDGMENT

DALTON, District Judge.

The plaintiff, Stella J. Taylor, filed in this court on December 2, 1971, a complaint seeking a declaratory judgment pursuant to the provisions of 28 U.S.C. § 2201. Her complaint asked this court to determine a question of actual controversy between her and her former husband, Allen W. Taylor. The plaintiff is a citizen of the State of North Carolina, and the defendant is a citizen of the State of Virginia. The controversy involved centers around the construction of a clause contained in a contract and deed of separation entered by the parties on November 18, 1963. The plaintiff in her complaint alleges that the matter in controversy exceeds the sum of $10,000. The defendant contending that the amount in controversy is below the required jurisdictional amount has moved that this action be dismissed.

The contract and deed of separation was voluntarily entered by the parties in settlement of their marital and property rights in November of 1963. The parties were granted an absolute decree of divorce by the Greensboro Division of the Superior Court of Guilford County, North Carolina on September 27, 1965. That action was instigated by Allen W. Taylor and was not contested by Stella J. Taylor. The North Carolina divorce decree contained no reference to the contract and deed of separation previously executed by the parties. The contract and deed of separation contained numerous provisions involving the rights of

the respective parties. Only one of those provisions is in issue in this action. In that provision, Paragraph 19 of the said agreement, Allen W. Taylor agreed "to pay to Stella J. Taylor for her support and maintenance, and for the support and maintenance of the minor children of the parties during their minority, monthly payments" in the amount of $750.00. That provision further provided that Stella J. Taylor's right to receive alimony payments would terminate upon her remarriage, upon the death of either party, or upon the retirement of Allen W. Taylor from active employment. The agreement contained no specific clause covering the amount of payments to be made after the two minor Taylor children reached their majority.

The defendant, Allen W. Taylor, continued to pay $750.00 per month until November 1, 1971, when he only paid $250.00. Mrs. Taylor was notified of Mr. Taylor's intention to reduce his payments by a letter dated October 15, 1971, sent to her by Mr. Taylor's attorney. The reason given for the reduction in payment was that the two minor children had long since reached their majority and that Mr. Taylor felt that $250.00 was attributable to support and maintenance for each child. The letter further stated that Mr. Taylor had overpaid Mrs. Taylor by $250.00 per month for seven years and eight months for their daughter and by $250.00 for three years and five months for their son. It was further stated that Mr. Taylor intended to take the necessary steps to collect the same.

The defendant in his motion to dismiss for lack of jurisdiction contends that the plaintiff's complaint only sets forth a controversy involving $1,000. This amount constitutes the total payments allegedly in arrears on the date which this action was filed.

The plaintiff sets forth two grounds which she contends give this court jurisdiction. First, the plaintiff contends that the court can look at future payments in order to determine whether the jurisdictional amount is sufficient. Second, the plaintiff contends that the letter sent to her by her former husband's attorney constitutes a claim for overpayments which would amount to approximately $33,000.

This court is of the opinion that the plaintiff is correct on both grounds and that the required jurisdictional amount has been met.

As to the validity of considering the future payments, this court is of the opinion that the case at bar falls within the principles set forth by the United States Supreme Court in Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347 (1913), and Brotherhood of Locomotive Firemen & Enginemen v. Pinkston, 293 U.S. 96, 55 S.Ct. 1, 79 L. Ed. 219 (1934). In *Thompson*, supra, the defendant's alimony arrearages amounted to approximately one-half of the jurisdictional amount; however, the court held that the reasonably probable future payments under the decree could be considered in determining the jurisdictional amount. The court held that these future payments were not in any proper sense contingent or speculative, although they were subject to be increased, decreased or even cut off. *Thompson,* supra, 226 U.S. at 560, 33 S. Ct. 129. And in *Pinkston,* supra, the court held that future payments which would come to the plaintiff from a widow's pension fund could be considered in determining the jurisdictional amount, even though the payments would cease if the widow remarried. What the court was concerned with in both of these cases was only the reasonable probability that the recipient would live to receive enough payments to meet the jurisdictional amount. The possibilities that other causes might affect the payments was not a factor.

■ This court is of the opinion that the same test should be applied where, as in the case at bar, the parties have executed a separation agreement providing for alimony payments and subsequently obtained an uncontested decree of divorce. The defendant, in contend-

ing that only the payments allegedly part due should be considered, apparently relies on the same theory which was expressed by the Supreme Court in New York Life Insurance Co. v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971 (1936); however, this court does not feel that those principles are applicable to the case at bar.

In applying the test set forth by *Thompson,* supra, this court feels that if the plaintiff is entitled to the full $750.00 per month rather than only $250.00 per month, as the defendant contends, there is a reasonable probability that these future payments will continue for at least nineteen more months. Therefore, it is the opinion of this court that the requisite jurisdictional amount has been met.

■ Likewise, this court agrees with the plaintiff with regard to his second ground set forth in support of jurisdiction. This court feels that the principle set forth in Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961) applies to the case at bar. There the Supreme Court held that if the plaintiff alleges that the defendant has claimed, now claims and will claim an amount sufficient for jurisdictional purposes, the requisite amount is met even though plaintiff's claim was below the required amount. Since the defendant's attorney indicated his client's intention to proceed to collect the approximate $33,000 in alleged alimony overpayments, this court feels that the principle of *Horton,* supra, would give this court jurisdiction in this declaratory judgment action even if the future payments were not considered. This court feels that the plaintiff has alleged this claim for these overpayments sufficiently to allow this court to consider them for jurisdictional purposes.

For the reasons herein given it is hereby ordered and adjudged that the defendant's motion to dismiss is over-

ruled. The defendant shall hereafter file an answer to the plaintiff's complaint as prescribed by the Federal Rules of Civil Procedure.