344 So.2d 931 (1977)
Lester C. STRICKLAND, Appellant,
v.
L. Elaine STRICKLAND, Appellee.
No. 76-1409.
District Court of Appeal of Florida, Second District.
April 13, 1977.
*932 Edward John Walsh, Port Charlotte, for appellant.
Owen L. Luckey, Jr., Luckey & Harrell, LaBelle, for appellee.
OTT, Judge.
Defendant/appellant brings this interlocutory appeal from the order of the trial court granting with prejudice plaintiff/appellee's motion to dismiss appellant's "Counterclaim" for failure to state a cause of action.
The court below apparently agreed with appellee's contention that the issues raised by the appellant were res judicata, having been settled by a decree or final judgment of dissolution of marriage entered by a Georgia court in 1973. We disagree and reverse.
In 1972, the appellee/ex-wife withdrew $7,290.20 from the parties' joint bank account in Florida and removed herself and the money together with the three children of the parties to Georgia. She left a letter which provided in relevant part:
Do not worry about the boys  I can take care of them. I have taken all the cash. I have left the deeds so you can sell the [Hendry County real property owned by the parties as tenants by the entirety]. If you will ... send me the papers I will sign them so you can sell. I figure this is approximately 50-50 of what we have.
In 1973, the ex-wife obtained an ex-parte divorce in Georgia. The divorce decree stated in relevant part:
All personal property ... in the possession of [ex-wife], shall be her property, free and clear of any claim of [ex-husband]. No determination of real estate division ... [is] made at this time.
In 1975, the ex-wife successfully sued the ex-husband in Florida for child support. We note, in passing, that the mother could not waive the right of the children to support even if such was her intention. Kirkconnell v. Kirkconnell, 222 So.2d 441 (Fla.2d DCA 1969). The ex-wife made no claim and there was no adjudication as to property rights in this proceeding.
In 1975, the ex-wife brought the present action for partition of the Hendry County property, asserting an undivided one-half interest therein. The defendant filed his responsive pleadings and under what he designated a "Counterclaim" he pled all the above facts and sought appropriate equitable considerations and relief.
The doctrine of res judicata is certainly as appropriate to the judgment of a sister state as it is to one by a Florida court. Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347 (1913); see Donner v. Donner, 302 So.2d 452 (Fla.3d DCA 1974). Obviously, also, final judgments of sister states are entitled to full faith and credit. Thompson, supra; see Newton v. Newton, 245 So.2d 45 (Fla. 1971). However, this is confined to those issues, the subject matter and parties properly before the court in the prior proceedings. See Matthews v. Matthews, 133 So.2d 91 (Fla.2d DCA 1961). Neither the Florida real property involved *933 in these proceedings, the status of its title, the rights or claims of the parties with respect thereto, nor the facts and circumstances bearing on such were involved or determined in the Georgia proceedings. Rather, in this interlocutory posture, we feel that the defendant has a right to be heard on the merits of such equitable defenses or claims as he may plead and prove. We hold that the dismissal of his "Counterclaim" was error. See Haas v. Haas, 59 So.2d 640 (Fla. 1952).
Our reversal herein merely avoids the precedence of form over substance. Even if defendant did not  as plaintiff asserts  succeed in stating a cause of action in the form of a counterclaim, this does not prevent the lower court from obtaining jurisdiction of the property and considering all the appropriate facts and law applicable to the rights of the parties therein. Furthermore, we are not troubled by plaintiff's contention that defendant's equitable estoppel argument is an attempt to assert a "defense" as opposed to a "counterclaim," which defense is not denominated in his pleadings. Technical forms of pleadings and prayers (or their technical denomination) have long been abolished in Florida. (See, e.g., Fla.R.Civ.P. 1.110.)
If these technical points have merit, this will become clear in a full trial.
We would also point out that our reversal does no harm to plaintiff's right to an action for partition of the Hendry County real property. We do not foreclose this action. Rather, we are merely allowing the defendant to have his day in court.
Both of the parties have filed motions in this court for allowance of attorney's fees; both of which are hereby denied without prejudice to the rights of the parties, or either of them, to apply to the lower court for such allowance of attorney's fees as the ultimate facts and the law may warrant.
Reversed and Remanded.
BOARDMAN, C.J., and GRIMES, J., concur.