**Joanne LEWIS, Plaintiff,**

v.

**William C. LEWIS and Roberta L. Lewis, Defendants.**

**Civ. A. No. 80–1062.**

United States District Court, M. D. Dist. Pennsylvania.

Oct. 1, 1981.

Peter G. Loftus, Scranton, Pa., for plaintiff.

James M. Scanlon, Scranton, Pa., Donald R. Butler, Montrose, Pa., for defendants.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

This is an action for the recovery of past and future payments allegedly due under a separation agreement. The Plaintiff, a resident of Pennsylvania, invokes this Court's diversity jurisdiction over the Defendants, residents of North Carolina. 28 U.S.C. § 1332. The Defendants have moved to dismiss the action on several grounds. For the reasons set forth below, the motion to dismiss will be granted.

On or about October 7, 1975, the Plaintiff and the Defendant William C. Lewis entered into a separation agreement providing for support for the Plaintiff and for disposition of mutually owned property. The separation agreement which was approved by the Honorable Donald O'Malley, Judge of the Court of Common Pleas of Susquehanna County, Pennsylvania, provided, *inter alia*, that Defendant William C. Lewis would pay Plaintiff "for her support hereafter a minimum of two hundred dollars per week or ½ of his net weekly pay check whichever shall

---

**17.** Plaintiffs' Exhibit 2, p. 1.

be larger each week hereafter until such time as she remarries or obtains a job..." (Doc. # 1; Exh. A, p. 3). On or about January 9, 1980, Defendant William C. Lewis filed a Petition to Modify the Support Order in the Court of Common Pleas of Susquehanna County, and a hearing was held thereon. On June 5, 1980, Judge O'Malley denied the Petition to Modify the existing Support Order, holding that petitioner had not met his burden of proof in that he had failed to "establish that there has been such a substantial and permanent change in his circumstances as to require a modification of the Order." (Doc. # 1; Exh. B, p. 4).

At some unspecified point between October 7, 1975 and January 9, 1980, Defendant Roberta L. Lewis married Defendant William C. Lewis. The instant Complaint alleges that Defendant Roberta L. Lewis "acted as the agent, servant and/or employee of the Defendant William C. Lewis in carrying out the terms of the separation agreement," and that she would notify the Plaintiff of any changes or increases in the amount of support which was to be paid. The Complaint charges that following the Court Order of June 5, 1980, the Defendants "jointly and in collusion" attempted to unilaterally decrease the amount of support to be paid the Plaintiff; that the Plaintiff refused acceptance of the lesser amount of support and so notified the Defendants; and that, thereupon, the Defendants ceased sending Plaintiff "any support whatsoever." The Complaint, filed on September 24, 1980, further charges that "[a]s a result of the Defendant William C. Lewis's [sic] failure to abide by the separation agreement, all support payments presently in arrears or due at any time in the future within the lifetime of the Plaintiff Joanne Lewis are now due and owing" (Doc. # 1; p. 3, ¶ 14);

and that Roberta L. Lewis "... conspired against the Plaintiff with the Defendant William C. Lewis in an attempt to dissolve the separation agreement and to deny the Plaintiff of support as set forth in that agreement." (Doc. # 1; p. 4, ¶ 16).

The Defendants advance several grounds in support of their motion to dismiss. First among those is Defendants' contention that this Court lacks subject matter jurisdiction over this lawsuit. Rule 12(b)(1), F.R.Civ.P.[1] Because our determination of this issue in Defendants' favor is dispositive of the action, we do not reach the parties' other arguments.

Not surprisingly, Defendants offer the leading case in this Circuit in support of their argument that the instant case falls within the judicially-created domestic relations exception to this Court's diversity jurisdiction. In *Solomon v. Solomon*, 516 F.2d 1018 (3rd Cir. 1975), the divorced wife brought a diversity action for nonsupport in the United States District Court for the Eastern District of Pennsylvania. A major defense of the husband was that his visitation rights under the separation agreement had been infringed. The District Court held that the action, based in contract upon the separation agreement which had been executed in Pennsylvania, could not be maintained in the federal courts. The Court of Appeals agreed, holding that the District Court lacked jurisdiction over the subject matter. Judge Van Dusen first outlined thoroughly the evolution of this limitation on diversity jurisdiction, which is grounded on the notions that domestic relations is an area of law for which the states hold an especially strong interest in the development and proper implementation of their policies, and that state courts have developed considerable expertise in address-

---

1. In their Motion to Dismiss, the Defendants first argued, in support of their 12(b)(1) contention, that since the "present arrearage in support payments amounts only to about $1,200.00," the amount in controversy did not satisfy the ten-thousand-dollar-floor prerequisite. 28 U.S.C. § 1332(a) (1976). The Defendants do not press this argument in their supporting brief and are therefore deemed to have

withdrawn it. Local rule 401.5 (March 1, 1981 edition). We note in passing, however, that this argument must be rejected. Reasonably probable future payments under a support decree may be considered in determining the jurisdictional amount. *Thompson v. Thompson*, 226 U.S. 551, 558–559, 33 S.Ct. 129, 130, 57 L.Ed. 347 (1913); *Taylor v. Taylor*, 339 F.Supp. 899, 900–901 (W.D.Virginia 1972).

ing problems arising thereunder. *Solomon v. Solomon*, 516 F.2d at 1021–1024. See generally, 13 Wright & Miller, Federal Practice and Procedure: Jurisdiction § 3609 (1975). It would be superfluous for us to re-trace those steps here.

Judge Van Dusen then went on to write: In holding that the domestic relations doctrine applies to the case before us, we do not mean to suggest that a separation agreement may never be litigated in the federal courts by parties between whom there is diversity of citizenship. In a different case, in which the custody of no child was involved, in which there was neither pending state court action nor an agreement to litigate in the state courts, and in which there was no threat that a feuding couple would play one court system off against the other, we might well assume jurisdiction. But all the above dangers are involved in the present case and lead us to the conclusion that the domestic relations doctrine should apply. 516 F.2d at 1025.

The Plaintiff argues that the instant case presents none of the "dangers" which so concerned the Court in *Solomon*. The one child of the parties involved is well into adulthood; thus, there is no question of custody or parental rights involved; and the claims for damages include no claim relating to the child. In essence, then, Plaintiff seeks to style the instant dispute purely as an action for breach of contract which seeks a lump sum award. See, e.g., *Crouch v. Crouch*, 566 F.2d 486 (5th Cir. 1978); *Zimmermann v. Zimmermann*, 395 F.Supp. 719 (E.D.Pa.1975). We cannot agree.

In cases such as this, it is incumbent upon the District Court to sift through the claims of the complaint to determine the true character of the dispute. *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1216 (6th Cir. 1981). In this regard, we note that the major issue, as well as the major claim, of Plaintiff's action concerns whether, as a result of the default in payments under the Support Agreement, the Agreement becomes accelerated to include all future pay-

ments thereunder, even in the absence of an acceleration clause. It is Plaintiff's theory that the payments under the Agreement may be accelerated through the year 1998, the anticipated date of Defendant's retirement upon reaching the age of 65. Such acceleration constitutes a potential exposure, in this lawsuit, in excess of $200,000. Clearly, a determination favorable to the Plaintiff on this issue would have enormous impact on the citizenry of this Commonwealth. It is not for a Federal District Court to adjudicate the future support obligations of Pennsylvania ex-husbands who are in default.

Plaintiff further contends there is no pending state court action or agreement to litigate in the state court; and that, having failed to take an appeal of the June 5, 1980 decision, state court action has been concluded and, thus, there exists no opportunity "to play one court system off against the other . . ." We think the Plaintiff misconstrues the nature and extent of the state court's jurisdiction over support proceedings.

The court making the order shall *at all times* maintain jurisdiction of the cause *for the purpose of enforcement* of the order and for the purpose of increasing, decreasing, modifying or rescinding such order, without limiting the right of a complainant to institute additional proceedings for support in any county wherein the defendant resides of where his property is situated. 42 Pa.C.S.A. § 6710 (1978) (Purdon) (emphasis supplied).

Furthermore, by Plaintiff's own account, the Defendants' conduct herein complained of commenced shortly after the June 5, 1980 denial by the Susquehanna County Court of Common Pleas of the Petition for Modification of the Support Agreement. While such conduct is not necessarily a direct outgrowth of said denial, we believe that it arises out of circumstances and issues that were before the state court in 1980 and are before the state court today. Nothing has occurred in the interim to usurp the state court's ongoing jurisdiction over this case,

or to justify this Court's intervention. We think our result here "preserves the sanctity of state court judgments and protects against confusing and complicated piecemeal litigation." *Solomon v. Solomon*, 516 F.2d at 1026.

An Order will be entered today granting Defendants' motion to dismiss for lack of subject matter jurisdiction.