Plaintiff, David Jones, a longshoreman, filed this suit against the Atlantic Gulf *Page 654 
Stevedores, Inc., and the Continental Casualty Company, its insurer, defendants herein, for workmen's compensation in the sum of $20 per week for a period of four hundred weeks. Plaintiff claims that he is totally and permanently disabled as a result of severe injuries received by him on September 24, 1947, when he was struck and knocked to a concrete wharf by a bag of burlap weighing approximately fourteen hundred pounds, which was being unloaded from a vessel.
Defendants answered admitting the injury, but denying that plaintiff was totally and permanently disabled to such an extent that he could not return to his employment as a longshoreman.
From a judgment in favor of plaintiff awarding compensation in the sum of $20 per week for a period not to exceed four hundred weeks, defendants prosecute this appeal.
The erudite trial judge thoroughly analyzed this case in his written reasons for judgment which, in our opinion, covered the case so fully that we adopt them as our own:
"David Jones, a longshoreman, brings this suit against the Atlantic Gulf Stevedores, Inc., his employer, and the Continental Casualty Company, its insurer, for workmen's compensation in the sum of $20 per week for a period of 400 weeks. He claims that he is totally and permanently disabled as a result of severe injuries received by him on September 24, 1947, when he was struck and knocked to a concrete wharf by a bag of burlap weighing about 1400 pounds, which was being unloaded from a vessel. The plaintiff received severe fractures in the pelvic region, which have been diagnosed as fractures of the left inferior pubic and ischial rami, of the left innominate bone through the acetabulum, and of the left acetabulum. In addition to this, plaintiff suffered severe hematoma, which ultimately resulted in a long, irregular area of calcification extending from the left transverse process of the last lumbar vertebra into the pelvic cavity, a condition technically designated as myositis ossificans.
"It is not disputed that the fractures, though severe, have healed perfectly, and it has been established by an overwhelming preponderance of the evidence that there is no resulting disability from any of the injuries sustained by plaintiff, except that, if any, resulting from the myositis ossificans. The plaintiff contends that he is still unable to work because of this condition, while the defendants contend that there is no nerve irritation resulting from the myositis ossificans, and that myositis ossificans in itself and without nerve irritation is not disabling.
"The cash involves only a question of fact. The plaintiff was the only lay witness in the case. The other nine witnesses were experts, five of whom testified on behalf of plaintiff and four on behalf of defendants. Dr. Robert H. Rose, Dr. William Fisher, Dr. Edward H. Maurer, Dr. Irving Redler, and Dr. Irvin Cahen, who testified for plaintiff, confirmed the opinions expressed in their written reports that because of this large calcified mass in the pelvic area, which affects the muscles or nerves, or both, plaintiff is unable to perform the rigorous duties of a longshoreman.
"On the other hand, Dr. John D. Andrews, Dr. George D. Berkett, Dr. Rufus H. Allredge, and Dr. Howard Karr, who testified for defendants, expressed the opinion that since they do not believe there is any nerve involvement in connection with the calcification of the muscles, the plaintiff is no longer disabled. It must be noted, however, that the opinion of Dr. Allredge is more negative than affirmative in character, for in his last report of April 19, 1948, he says 'It is recommended that this patient be given a further period of conservative orthopedic treatment before any final decision is reached as to his final condition with reference to this injury. In my opinion it will only be after such further treatment that final determination can be made of his exact status.' He confirms this statement in his testimony.
"Of all the witnesses who testified in the case, only one is in a position to know definitely whether the plaintiff is able to resume his work, and that is the plaintiff himself. The eminent experts produced by *Page 655 
both sides were in a position to express opinions only, and each gave his honest views based on the conclusions drawn by him from certain subjective and objective findings, and the application thereto of certain theories. Where the experts are in substantial disagreement in their opinions, as here, they are of little aid to the Court. In such a case, the Court cannot "count noses" and decide the case in favor of the side which produces the largest number of experts, nor should the Court attempt to select the opinion of one of the experts as against all of the others, merely because he has had a longer education or belongs to more professional societies. In such a case, the Court must decide the case on the record as a whole, giving great weight to the lay testimony, and the facts and circumstances of the case, as well as considering the conflicting opinions of the. medical experts.
"The plaintiff, himself, has an unusually good record. He was born in Raceland, Louisiana, has lived in New Orleans for the past 24 years; is 43 years of age, and has raised a family of seven children, four of whom are still dependent on him for support. He has earned his livelihood consistently by manual labor, and has been employed by such firms, among others, as the Southern Pacific Railroad, R. P. Farnsworth, George Glover Company, Chris Larsen, Horace Williams, and J. G. Glover, in addition to those firms for whom he has worked as a longshoreman, such as the Southern Stevedore Company and Atlantic Gulf Stevedores, Inc. He received injuries on two prior occasions, once in the year 1924, when his fingers were injured, for which he received $64. and on May 16, 1947, when he was incapacitated until August 8, 1947, during which time he received compensation. In neither prior instance did he bring litigation or claim to be permanently injured. He appeared to be a truthful witness, and I see no reason to doubt his veracity.
"After a consideration of all of the facts in the case, including the testimony of plaintiff and his prior good record, the severe nature of the injuries received by him, the extensive area of calcification, which still exists, the probability that this calcified mass disables him either, by immobilizing the muscles or by affecting the nerves, the difference of opinion among the experts, the fact that none of the experts can be certain of the truth, in the absence of an exploratory operation, I believe that the plaintiff has sustained the burden of proof, and has established with the certainty which the law requires, his claim that he is totally and permanently disabled and is unable at this time to perform the arduous duties of a longshoreman. Should his condition improve in the future, the defendants can always avail themselves of the provision of the Workmen's Compensation law, which gives them the right to re-open the case after the lapse of six months.
"There will therefore be judgment in favor of plaintiff and against the defendants in solido, condemning the defendants to pay plaintiff workmen's compensation in the sum of $20 per week from September 24, 1947, during the period of disability, not to exceed 400 weeks, with legal interest from date of maturity of each installment until paid, subject to a credit of 16 weeks and 5 days compensation for the period during which he has already been paid."
Defendants contend that the trial court erred, "first, in assuming that the plaintiff's testimony to the effect that he was disabled was reliable or legally effective; second, in allowing the plaintiff recovery on his self-serving declaration of disability alone; and third, in refusing to weigh the medical evidence and in discarding it to rely solely on the plaintiff's statement." In our opinion the trial judge adequately answered the foregoing contentions of counsel when, after a consideration of all of the evidence, both expert and lay, he narrowed the issue down to whether the "myositis ossificans" was producing nerve irritation and disability. Counsel for defendants extract and then emphasize the sentence that the trial judge wrote in his opinion "of all the witnesses who testified in the case, only one is in a position to know definitely whether the plaintiff is able to resume his work, and that is the plaintiff himself." Counsel contend, therefore, that the error of the trial judge in this case does not lie in the fact that he did not weigh the medical evidence properly, but in the fact *Page 656 
that he refused to weigh it at all. Counsel have illogically isolated this sentence from the major premise of the decision and, therefore, erroneously assume the conclusion that because of the statement, quoted above, the trial judge ignored the medical testimony and focused the case entirely upon the question of the plaintiff's veracity. A casual reading of the written reasons for judgment completely refutes this illogical assumption, for a little further on in his opinion, it is unequivocally stated:
"* * * In such a case, the Court must decide the case on the record as a whole, giving great weight to the lay testimony, and the facts and circumstances of the case, as well as considering the conflicting opinions of the medical experts.
* * * * * *
"After a consideration of all of the facts in the case, including the testimony of plaintiff and his prior good record, the severe nature of the injuries received by him, the extensive area of calcification, which still exists, the probability that this calcified mass disables him either by immobilizing the muscles or by affecting the nerves, the difference of opinion among the experts, the fact that none of the experts can be certain of the truth, in the absence of an exploratory operation, I believe that the plaintiff has sustained the burden of proof, and has established with the certainty which the law requires, his claim that he is totally and permanently disabled and is unable at this time to perform the arduous duties of a longshoreman."
The trial judge committed no error in giving consideration to the testimony of the plaintiff. This is substantially in accord with an opinion rendered by this Court on January 24, 1949, in the case of Lala v. American Sugar Refining Company,38 So.2d 415, where we said:
"Courts ofttimes have been guided by lay testimony where the medical experts expressed conflicting opinions regarding a plaintiff's capability to work, and we believe in this particular case that the testimony of the lay witnesses is very enlightening and should be given consideration, along with all facts and circumstances shown by the record."
See, also, Phillips v. Yazoo M. V. R. Co., La. App., 183 So. 43; Phillips v. Le Blanc Bros. Contracting Co. et al., La. App., 17 So.2d 36; Smith v. Travelers' Insurance Company, La. App., 28 So.2d 147.
In view of the excellent reasons for judgment written by the trial judge, we are of the opinion that no useful purpose would be served by a ponderous endeavor on the part of this court, composed entirely of men untrained in the field of medicine to enter unchartered waters and embark upon a detailed discussion and analysis of the highly involved testimony of the experts who appeared on the original trial of this case, because, after a careful examination of all of the testimony, both experts and lay, we are of the opinion that the said evidence, in the final analysis, definitely preponderates in favor of the plaintiff herein.
Furthermore we are impressed by the report of Dr. Rufus Allredge, which was offered in evidence by the defendant and we quote therefrom:
"It is recommended that this patient be given a further period of conservative orthopedic treatment before any final decision is reached as to his final condition with reference to this injury. In my opinion it will only be after such further treatment that final determination can be made of his exact status."
Dr. Allredge, who additionally testified at the trial, as an expert, confirmed this extract from his report.
Should the plaintiffs' condition sufficiently improve in the future the defendants can, as the trial judge stated, "always avail themselves of the provision of the Workmen's Compensation Law, Act No. 20 of 1914, as amended, which gives them the right to re-open the case after the lapse of six months."
For the reasons assigned the judgment appealed from is affirmed at the cost of defendants.
Affirmed. *Page 657