### BUTLER v. EMPLOYERS MUT. OF WAUSAU, WIS.
#### Civ. A. No. 3230.

United States District Court
E. D. Louisiana, New Orleans Division.
May 14, 1952.

Edgar Corey, New Orleans, La., for plaintiff.

Bienvenu & Culver and P. A. Bienvenu, all of New Orleans, La., for defendant.

WRIGHT, District Judge.

This is a suit for workmen's compensation based on the Louisiana Workmen's Compensation Statute, LSA–R.S. 23:1021 et seq. The plaintiff is admittedly covered by the statute and the only questions presented for adjudication are whether he is totally disabled as a result of his accident, and if so, should he be required to submit to a surgical operation. After consideration of the testimony and the briefs filed by both sides, the court makes the following findings of fact and conclusions of law.

## Findings of Fact

1. Plaintiff on March 3, 1951 was in the employ of Clemmons Brothers, a company engaged in logging and lumbering operations, a hazardous business within the provisions of the Louisiana Workmen's Compensation Act. Defendant is the compensation insurer of the employer.

2. Plaintiff, a common laborer, was injured on March 3, 1951 while performing his duties in the course of his employment when he was struck in the abdomen by a large board falling from a handcar which he along with other employees was pushing.

3. The blow from the board knocked the wind out of plaintiff for a few minutes after which he continued to feel pain in the area of his injury. The injury was not reported to the employer until a day or two later when a knot appeared in the region where he had received the blow. When the knot failed to disappear after a few days, plaintiff was sent by his employer to see Dr. J. H. McClendon in Amite, Louisiana. Dr. McClendon after prescribing anti-spasmodic pills for the plaintiff for three weeks finally diagnosed plaintiff's condition as an epigastric hernia. Thereupon he was sent by his employer's insurer to New Orleans where Dr. McClendon's diagnosis was confirmed by Drs. Roy Harrison and Dan B. Baker. On April 21, 1951 plaintiff was operated on at the Flint-Goodrich Hospital by Dr. Baker assisted by Dr. Harrison.

4. After nineteen days in the hospital, during which time the outside sutures closing the incision were removed, the plaintiff was released and returned to Amite. Four or five days after his return he reported to Dr. McClendon to have his surgical dressing changed. On removing the dressing, pus began to flow from the incision and Dr. McClendon in swabbing the wound with cotton found that small black threads had adhered to the cotton. Following the operation and up to the present time plaintiff has continued to have a disabling pain in his epigastric region.

5. Since his operation plaintiff has been examined by nine doctors with varying diagnoses. All doctors seem to find a congenital separation between his recti muscles in the upper abdomen at the mid line. All also seem to agree that prior to his operation on April 21, 1951 he had an epigastric hernia. Six of the doctors testified that at present plaintiff has no epigastric hernia. Four of these six, Drs. Harrison, Baker, and Paine, members of the medical partnership who performed the operation on April 21, and Dr. McClendon, the employer's contract doctor, can find nothing whatever wrong with the plaintiff in the epigastric region. Dr. Kelly Stone, a former member of the partnership, and Dr. Richard Buck, who originally had been retained by the plaintiff, while testifying that plaintiff presently has no epigastric hernia, admit that there is a defect in the fascia, or covering of the recti muscles which joins these muscles to form the abdominal wall, resulting from the operation and that this defect reflects a thinning of the fascia and a resultant general weakness in the abdominal wall due to the thinning of the fascia.

6. Dr. Robert Lynch of the Ochsner Clinic and Drs. L. J. Gehbauer and Frederick Boyce testified that the plaintiff presently has a recurrence of the epigastric hernia for which he was operated on April 21, 1951. They testify that there is not only a defect in the fascia in the area of the operative scar but there is in fact no fascia at the site of this defect. These

doctors testify that by inserting the finger in the hole through the fascia in the plaintiff's abdomen and having the plaintiff cough pressure or pulsation from the peritoneum can be felt.

7. Plaintiff suffered an epigastric hernia from his accident on March 3, 1951. The operation of April 21, 1951 to remove the hernia was unsuccessful and this court finds as a fact that the plaintiff is presently totally disabled and suffering from a recurrence of the epigastric hernia for which he was operated on.

8. A second operation would be required in order to eliminate the epigastric hernia from which plaintiff is now suffering.

### Conclusions of Law

1. This suit was properly brought by the plaintiff and this court has jurisdiction thereof. 28 U.S.C. § 1332. Aetna Casualty and Surety Company v. Flowers, 330 U.S. 464, 67 S.Ct. 798, 91 L.Ed. 1024; Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347; Brotherhood of Locomotive Firemen & Enginemen v. Pinkston, 293 U.S. 96, 100, 55 S.Ct. 1, 79 L. Ed. 219.

2. Where medical evidence is conflicting it is proper to consider not only the background of the medical witnesses but also the circumstances surrounding their association with the parties in the case. It is further proper to consider the testimony of the plaintiff himself who is in the best position to know whether he is able to resume his work. In such a case the court must decide the matter on the record as a whole, giving weight to the lay testimony as well as considering the conflicting opinions of the medical experts. Jones v. Atlantic & Gulf Stevedores, Inc., La.App., 38 So.2d 653; Lala v. American Sugar Refining Co., La.App., 38 So.2d 415.

3. The operation for epigastric hernia is not one which the courts of Louisiana will require an employee to undergo. Malone, Louisiana Workmen's Compensation, p. 289; Hall v. Mengel Co., La.App., 191 So. 759; Wood v. Peoples Homestead & Savings Association, La. App., 177 So. 466; Crawford v. Tampa Inter-Ocean Steamship Co., La.App., 155 So. 409.

4. Under the Louisiana Workmen's Compensation Act where the employee's condition is such that he cannot perform work similar to that in which he was engaged when injured, he is entitled to compensation based on total disability for the period of his disability not exceeding four hundred weeks. Knispel v. Gulf States Utilities Co., Inc., 174 La. 401, 141 So. 9; Hughes v. Enloe, 214 La. 538, 38 So.2d 225; Scott v. Hillyer, Deutsch, Edwards, Inc., 217 La. 596, 46 So.2d 914.

5. Plaintiff is totally disabled by reason of the accident of March 3, 1951.

Judgment for plaintiff.