REGAN, Judge.
Plaintiff, Alaska Booth, employed as a longshoreman, instituted this suit against the defendant, Strachan Shipping Company, his employer, endeavoring to recover workmen’s compensation at the rate of $30 per week for a period of four hundred weeks, together with penalties, medical expenses and attorney’s fees, for total and permanent disability, resulting from injuries incurred to both knees and his back caused by an accident which occurred on January 26,, 1954, when a “pile” of sacks of grain, approximately seven high, each weighing 150 pounds, inadvertently toppled upon him.
The defendant answered and admitted the occurrence of the accident and resulting injuries to plaintiff’s knees, but asserted that the plaintiff had fully recovered therefrom as of May 28th, 1954.
From a judgment awarding plaintiff compensation for total and permanent disability, $200 for medical expenses and $300 for expert fees, defendant has prosecuted this appeal.
Plaintiff related that he was fifty-three years of age and had engaged in the work of a longshoreman intermittently since the year of 1940. On January 26, 1954, at about 3:30 p. m., he and Herman Gardner, “his partner” were loading 150 pound sacks of grain, piled seven or eight high when, for some unexplained reason, about six sacks of grain fell from their “stacked” position upon the plaintiff; the sacks were removed from his body by Gardner and another employee; plaintiff was then taken to the offices of Dr. John Andrews, the defendant’s physician, where the initial examination of his injuries was made and treatment administered.
The only question posed for our consideration by virtue of the pleadings and the evidence is one of fact-and that is whether the plaintiff is able to resume his former oc *563 cupation. The trial judge answered this question in the negative and our examination of the record and his written reasons for judgment which are quoted in part hereinafter disclose no error in his factual or legal conclusions:
“Plaintiff brings this suit under the Workmen’s Compensation Act for total disability. We have six orthopedists and one industrial surgeon as experts in the case. * * * Dr. Halsam, Dr. Salatich and Dr. Battalora called on behalf of the plaintiff, and Dr. All-dredge, Dr. Newport and Dr. Cahen, called on behalf of the defendant, all experts in the field of orthopedics; and, in addition, on behalf of the defendant, Dr. John Andrews, an industrial surgeon. There is conflict in the medical testimony. In addition to all this medical testimony we have the testimony of plaintiff together with numerous lay witnesses, * * *, his foreman and men who worked with him while he was on the job and others who have observed him since his accident. There is no question but that there was an accident. The plaintiff was injured. Dr. Halsam and Dr. Salatich * * *, as I understood their evidence, was to the effect that Booth cannot return to his former job as a longshoreman. Dr. Battalora testified * * * that he could return, subject, however, to'the fact that he could not climb, squat, or do prolonged standing. I examined Dr. Battalora in connection with that qualification and, as I understand his testimony, based on that examination Booth could not go back and do longshoreman work because he. would have to climb at times and he would have to stand, * * *. So, therefore, we have those three gentlemen aligned on behalf of - the plaintiff. * * * Dr. Battalora also examined the plaintiff on behalf of the defendant. * * * Now, as against that we have Dr. John Andrews, who is not an. orthopedist but who is an industrial surgeon, and he saw Booth immediately after the accident. He is the doctor that obtained the note from Booth’s foreman and which was to the effect that Booth could not do the work of a longshoreman. Dr. Andrews sent Booth to Dr. Alldredge, and it is significant to note that Dr. Andrews disagreed with Dr. Alldredge’s * * * diagnosis of Booth. Well, Dr. Alldredge has since explained that on the stand and it is unnecessary for me to go into that phase of it. Then we have Dr. All-dredge, who said that Booth could return to work, as well as Dr. Newport. Now, Dr. Cahen * * * testified that because of the atrophy which Booth had when he last examined him on September 27, 1955, it having increased since his prior examination * * * he has atrophy ‘which would not let him go back to extreme labor’; and .then I asked him if the longshoreman work was not in that category and of course he answered ‘yes.’ So it is very plain to see that we have a lot of conflict in the testimony of the- doctors. Some say it is only the atrophy and others say that there is some derange.ment in the knee, whether it be a liga-■pient or cartilage ***.*** then we go to the lay testimony. Now, Booth has been in court three or four days because this case has been tried piecemeal. I have had the opportunity to observe him, and in all these cases I do observe the plaintiff, and not only in the court room but wherever I might see him. I also had a good opportunity to observe him on the witness stand — because I endeavor in these types of cases to make my observation as keen as I possibly can. In ■order for me to say that Booth’s knee is not injured and that he is not suffering some disability in that knee as a result of the accident on January 26, 1954, I would have to say that Booth has given false testimony throughout this case, and that I cannot do. Then, I have to consider all the other lay testimony in the case; and when I take *564 all that testimony — that is the lay testimony as well as the medical testimony —I can only come to the conclusion that Booth has suffered á disability which incapacitates him at this time from returning to his duties as a longshoreman’ and that, under the Workmen’s’ Cofnpensation Act, he should he put in the category of total permanent disability, which permits him to get compensation as provided under the act. I am going to quote from the opinion of Judge Viosca, which was adopted by the Court’ of Appeal in the case of Jones v. Atlantic & Gulf Stevedores, ([La.App.] 38 So.2d 653 [655]-1949) * * *: ‘In such a case’ — and I say this is such a case — ;<the Court must decide the case on the record as a whole, giving great weight to the lay testimony, and the facts and circumstances of the case, as well as considering the conflicting opinions of the medical experts^’ Now, I want to say that I have -considered the testimony of the medical experts and I have considered the lay testimony and I can only come to the conclusion that Booth is entitled to recover, and judgment will be rendered for total, permanent disability, subject to credit for compensation which has been heretofore paid as reflected by the petition. * *
After a comprehensive analysis of the record we believe that the plaintiff has sustained the burden of proof and has established with that certainty which the law requires his claim of total and permanent disability to perform the arduous duties of a longshoreman, which occupation, we believe, falls within the judicial category of skilled or, at least, semi-skilled labor.
For the reasons assigned the judgment appealed from is affirmed,
JANVIER, J., recused, takes no part.
Affirmed.