230 F.2d 793
 Oscar L. STRICKLAND, Appellant and Cross-Appellee,
v.
W. HORACE WILLIAMS COMPANY, Inc., and The Employers'
Liability Assurance Corporation, Ltd., Appellees
and Cross-Appellants.
W. HORACE WILLIAMS COMPANY, Inc., and The Employers'
Liability Assurance Corporation, Ltd., Appellees
and Cross-Appellants,
v.
Oscar L. STRICKLAND, Appellant and Cross-Appellee.
 No. 15561.
 United States Court of Appeals Fifth Circuit.
 March 16, 1956.
Rehearing Denied April 19, 1956.
 
 Thomas J. Meunier, New Orleans, La., for appellant.
 Marian Mayer, Deutsch, Kerrigan & Stiles, New Orleans, La., for appellees and cross-appellants.
 Before BORAH and JONES, Circuit Judges, and DAWKINS, District Judge.
 JONES, Circuit Judge.
 
 
 1
 The appellant and cross-appellee, plaintiff below, was an employee of W. Horace Williams Company, Inc. The employer was doing a construction job in St. Bernard Parish, Louisiana. The appellant was fireman of a boiler at the construction site. He rated his job as being heavy and strenuous. The appellee and cross-appellant, his employer, put the job on about the level of that of watchman. On September 9, 1952, while on the job, the appellant accidently sustained a fracture of the patella of his left knee. His leg was in a cast for nine weeks and one day. From the middle of June, 1953, to early April, 1954, the appellant worked at a couple of jobs, one of which he lost because his experience did not qualify him for it, and he was discharged from the second because he did not turn out enough work. From April 4, 1954, or thereabouts, he has been operating a business on his own account selling and repairing electrical equipment. He was paid workmen's compensation benefits of $1,170.00 during his convalescence. Upon the termination of compensation payments the appellant sued the employer and its workmen's compensation insurer in the 25th Judicial District Court, St. Bernard Parish, Louisiana, claiming that total and permanent disability entitled him to compensation for 400 weeks at the rate of $30.00 per week, subject to a credit of $1,170.00 already paid. Removal to the United States District Court for the Eastern District of Louisiana, based on diversity of citizenship, followed.
 
 
 2
 The pertinent portions of the Louisiana Workmen's Compensation Act are as follows:
 
 
 3
 'Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
 
 
 4
 '(1) For injury producing temporary total disability to do work of any reasonable character, sixty-five per centum of wages during the period of disability, not beyond three hundred weeks.
 
 
 5
 '(2) For injury producing permanent total disability to do work of any reasonable character, sixty-five per centum of wages during the period of disability, not beyond four hundred weeks.
 
 
 6
 '(3) For injury producing partial disability to do work of any reasonable character, sixty-five per centum of the difference between wages at the time of injury and wages which the injured employee is able to earn thereafter during the period of disability, not beyond three hundred weeks.
 
 
 7
 '(4) In the following cases the compensation shall be as follows:
 
 
 8
 '(h) For the loss of a leg, sixty-five per centum of wages during one hundred seventy-five weeks.
 
 
 9
 '(n) A permanent total loss of the use of a member is equivalent to the amputation of the member.
 
 
 10
 '(o) In all cases involving a permanent partial loss of the use or function of the members mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such members as the disability to such members bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable for the loss of such member.'
 
 
 11
 Louisiana Revised Statutes of 1950, Title 23, § 1221,
 
 LSA.
 
 12
 'Where compensation has been paid under subdivisions (1), (2), or (3), of R.S. 23:1221, the amount of such payment shall be deducted from any compensation allowed under subdivision (4) thereof or under Subpart C of the Part.'
 
 
 13
 Louisiana Revised Statutes of 1950, Title 23, § 1223,
 
 LSA.
 
 14
 'A judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a judge of the court which rendered the same.
 
 
 15
 'At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation.'
 
 
 16
 Louisiana Revised Statutes of 1950, Title 23, § 1331,
 
 LSA.
 
 17
 The case was tried to the court without a jury. Much testimony was taken and there were many conflicts as to disability vel non, the nature of the injuries sustained, their duration, the treatment required, and the extent to which it was followed. The court found that the appellant was not disabled within the meaning of the Act, and hence not entitled to recover under LSA-R.S. 23:1221(1), (2), or (3). The court held, however, that appellant had a one-third partial loss of the use or function of his leg for which appellant was entitled to compensation under LSA-R.S. 23:1221(4)(h) and (o). Judgment was entered for benefits of $30.00 per week for fifty-eight and one-third weeks, an aggregate of $1,750.00 upon which was to be credited the $1,170.00 previously paid. Thus the net award was $580.00.
 
 
 18
 Following the judgment for an amount which the appellant deemed inadequate, he moved to remand the case to the state court contending that the matter in controversy does not exceed $3,000.00. The motion was denied. The appellant brought this appeal asserting, in addition to the jurisdictional question, that he was entitled to compensation for either total permanent disability or total temporary disability. The employer and the insurer took a cross-appeal and urge that the loss of partial use by plaintiff of his leg was due to his failure to cooperate in the treatment prescribed, and also that in any event the loss of use was not over twenty, or, at the most, twenty-five per cent.
 
 
 19
 The argument against Federal jurisdiction is based upon the language of the Louisiana Act upon which the appellant based his claim. The statute permits recovery 'during the * * * disability, not beyond four hundred weeks.' LSA-R.S. 23:1221(2). And it is provided that at any time after six months after the rendition of judgment it may be reviewed on application of either party on the grounds that the employee's incapacity has been diminished or increased. So, it is said, the maximum amount involved is the accrual to the date of judgment and the amount of the award for six months thereafter. This is the rule adopted by the District Court for the Western District of Louisiana. The rule and the reason for it have been set forth in these words:
 
 
 20
 'Of course, if plaintiff should sustain his claim in full, and should remain permanently disabled, he would be entitled to receive a total of $5,408 over a period of 400 weeks or eight weeks less than four years. However, under the state statute (Sec. 20), the matter can be reopened at intervals of six months, and if the employee has fully recovered, payments can be stopped altogether. The parties may, also, with the approval of the court in which the action is brought, settle the entire liability in a lump sum, the amount of which might or might not be within the jurisdiction of this court. (Citing cases.) * * * Therefore, all that a judgment in a case of this kind can settle is that, at the time it is rendered, the plaintiff has suffered injuries through his employment, amounting to total disability, probably permanent, which entitle him to receive stated weekly wages for a period of six months or approximately 26 weeks. In this case at the rate claimed this would amount to about $350.' Godfrey v. Brown Paper Mill Co., Inc., D.C., 52 F.Supp. 926.
 
 
 21
 The Godfrey decision was followed by the court rendering it in Guidry v. J. Ray McDermott Co., Inc., D.C., 89 F.Supp. 60. The contrary rule has prevailed in the Eastern District of Louisiana where jurisdiction has been taken and retained in workmen's compensation cases under the Louisiana Act. Butler v. Employers Mut. of Wausau, Wis., D.C., 105 F.Supp. 105; Boyd v. R. P. Farnsworth & Co., D.C., 105 F.Supp. 113. The District Court for the District of New Jersey had before it a question involving the Louisiana Act. There a plaintiff asserted that she, as widow and sole dependent of an employee who was fatally injured while employed, was entitled to weekly payments of $14.30 for 300 weeks. The statute provided that "The marriage or death of any dependent shall terminate payments to such dependent, * * *." The court sustained jurisdiction, saying:
 
 
 22
 'In the State of Louisiana a judgment for weekly payments under the Liability Act until death or remarriage of the plaintiff is erroneous. Laurent v. Dendinger, 13 La.App. 234, 126 So. 600, 127 So. 755. A proper judgment is for the payment of these benefits for the full period of 300 weeks. Smith v. Samuel T. Gately Marble & Granite Works, La.App., 157 So. 802. And the fact that a condition subsequent-- marriage or death-- will operate as a forfeiture of future benefits, and, hence, lessen the amount ultimately to be paid, is immaterial. Brotherhood of Locomotive Firemen v. Pinkston, 293 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219.' Franzen v. E. I. Du Pont De Nemours & Co., D.C., 36 F.Supp. 375, 377.
 
 
 23
 The Court of Appeals of the Third Circuit approved the opinion of the District Court from which we have quoted. Franzen v. E. I. Du Pont De Nemours & Co., 146 F.2d 837.
 
 
 24
 A like case arose under similar provisions of the Tennessee Workmen's Compensation Law. The Supreme Court granted certiorari to review a direction to remand for want of jurisdictional amount. It had been held be the District Court and affirmed by the Court of Appeals, 6 Cir., 154 F.2d 881 that since the award payable in installments subject to conditions subsequent the total payments might never reach $3,000, the jurisdictional amount was lacking. In reaching a contrary conclusion the Supreme Court said:
 
 
 25
 'If this case were one where judgment could be entered only for the installments due at the commencement of the suit (cf. New York Life Ins. Co. v. Viglas, 297 U.S. 672, 678, 56 S.Ct. 615, 617, 80 L.Ed. 971), future installments could not be considered in determining whether the jurisdictional amount was involved, even though the judgment would be determinative of liability for future installments as they accrued. Wright v. Mutual Life Ins. Co., 5 Cir., 19 F.2d 117, affirmed 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726. Cf. Button v. Mutual Life Ins. Co., D.C., 48 F.Supp. 168. But this is not that type of case. For the Tennessee statute which creates liability for the award contemplates a single action for the determination of claimant's right to benefits and a single judgment for the award granted. See Tenn. Code §§ 6880, 6881, 6890, 6891, 6893; Shockley v. Morristown Produce & Ice. Co., 171 Tenn. 591, 106 S.W.2d 562.
 
 
 26
 'Nor does the fact that it cannot be known as a matter of absolute certainty that the amount which may ultimately be paid, if respondent prevails, will exceed $3,000, mean that the jurisdictional amount is lacking. This Court has rejected such a restrictive interpretation of the statute creating diversity jurisdiction. It has held that a possibility that payments will terminate before the total reaches the jurisdictional minimum is immaterial if the right to all the payments is in issue. Brotherhood of Locomotive Firemen v. Pinkston, supra (293 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219); Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347. Future payments are not in any proper sense contingent, although they may be decreased or cut off altogether by the operation of conditions subsequent. Thompson v. Thompson, supra, 226 U.S. at page 560, 33 S.Ct. 130. And there is no suggestion that by reason of life expectancy or law of averages the maximum amount recoverable can be expected to fall below the jurisdictional minimum. Cf. Brotherhood of Locomotive Firemen v. Pinkston, supra, 293 U.S. at page 101, 55 S.Ct. 2. Moreover, the computation of the maximum amount recoverable is not complicated by the necessity of determining the life expectancy of respondent. Cf. Thompson v. Thompson, supra, 226 U.S. at page 559, 33 S.Ct. 130; Brotherhood of Locomotive Firemen v. Pinkston, supra, 293 U.S. at page 100, 55 S.Ct. 2.' Aetna Casualty Co. v. Flowers, 330 U.S. 464, 67 S.Ct. 798, 800, 91 L.Ed. 1024, reversing 6 Cir., 154 F.2d 881.
 
 
 27
 The appellant would distinguish the Franzen v. E. I. Du Pont De Nemours & Co., supra, and Aetna Casualty Co. v. Flowers, supra, cases on the ground that they are for death benefits payable to a dependent upon whose death payments would cease, rather than, as here, for disability benefits which would decrease or terminate if the employee's disability diminished or vanished. We cannot make such distinction. We think Aetna Casualty Co. v. Flowers,supra, is controlling. The reasoning of the Supreme Court is no less applicable to the case before us than to the case reviewed and decided by it. If the condition subsequent of death, which is certain, does not restrict jurisdiction, the uncertain condition of a diminishing of incapacity will not do so. We conclude that the requirement of the federal jurisdictional amount was met.
 
 
 28
 The parties are in agreement that the test of 'disability' is whether the employee can do the same type of work he was doing at the time of his accident in the customary way without any unusual difficulty or pain. Knispel v. Gulf States Utilities Co., Inc., 174 La. 401, 141 So. 9; Fisher v. Standard Accident Ins. Co., La.App. 28 So.2d 59. Ample proof supported the finding of disability.
 
 
 29
 There is no question but that an injured employee is not entitled to compensation during a period while his recovery is prevented or delayed by his own act or conduct. Brown v. Union Oil Mill, Inc., La.App. 59 So.2d 144, and cases there cited. Evidence adduced by the appellees indicated that the appellant had failed to follow prescribed treatments which, appellees urge, would have hastened his recovery and assured his ultimate full recovery. The appellant has raised doubts as to the necessity or wisdom of the suggested treatment. This was for the trial court's determination and has been determined, inferentially, by it. The appellees, in their cross-appeal, specify as error the failure of the trial court to make a specific finding of fact on the cooperation issue. As to the necessity for such a finding we find it stated that:
 
 
 30
 'The federal rule relating to findings of a trial court does not require the court to make findings on all facts presented or to make detailed evidentiary findings; if the findings are sufficient to support the ultimate conclusion of the court they are sufficient. * * * Nor is it necessary that the trial court make findings asserting the negative of each issue of fact raised. * * * The ultimate test as to the adequacy of findings will always be whether they are sufficiently comprehensive and pertinent to the issues to provide a basis for decision and whether they are supported by the evidence.' Carr v. Yokohama Specie Bank, limited, 9 Cir., 200 F.2d 251, 255.
 
 
 31
 The language above was quoted with approval by this court in Weber v. McKee, 215 F.2d 447. The failure to include a finding of whether the appellant interfered with his own progress to recovery is not error.
 
 
 32
 We need not enter upon any discussion of the evidentiary facts or consider the conflicts of the evidence. It is enough to say that the findings of the trial court are supported by adequate proof. It was found that there was a 25% to 33 1/3% impairment of the use of appellant's leg. The trial court was under a duty to construe the statute and the testimony liberally in favor of the appellant and give him the benefit of any doubt. Jones v. Hunsicker, 188 La. 468, 177 So. 576. The trial court, in fixing the measure of the award, did not err. The judgment is
 
 
 33
 Affirmed.
 
 
 34
 DAWKINS, District Judge, dissents.
 
 
 35
 Rehearing denied: DAWKINS, District Judge, dissenting.