GLADNEY, Judge.
Plaintiff’s action is for the recovery of total and permanent disability benefits under the provisions of the Workmen’s Compensation Act and likewise seeks to *479 assess the defendant, New Amsterdam Casualty Company, the workmen’s compensation insurer of plaintiff’s employer, Leon Bigner, with statutory penalties as provided in LSA-R.S. 22:658. Judgment was rendered in favor of the plaintiff on his principal demand but denied assessment of the penalties so claimed. From the decree so rendered, both parties have appealed.
When this case came to trial it was stipulated plaintiff sustained an accident within the course and scope of his employment on November 8, 1955, and defense to the suit was predicated solely on the contention plaintiff had sustained a full recovery.
The facts show that on November 8, 1955, while the plaintiff, Charles W. Porter, was engaged in performing the work of his employer, Leon Bigner, and while lifting a heavy piece of wood and attempting to load it on a railroad car, he sustained an injury to his back. The employee continued to work with pain until the car was loaded. He was absent from work until the 3rd day thereafter when he returned and tried to -work but had to quit because of pain. He then went to see Dr. Trax at Jena and later to Dr. Swackhamer at Jena, the latter of whom diagnosed his condition as a muscle strain, but sent him to see an orthopedist, Dr. Paul M. Davis, Jr., of Alexandria, Louisiana. He continued under the treatment of Dr. Davis, who prescribed a Williams brace which he wore for some seven or eight months. He testified further that Dr. Davis during December, 1955, recommended that he return to light duty and he was assigned light work by Mr. Bigner for some time until he was forced to quit due to pain. After he left his former employer he then began to do some mechanical work in a garage where he was self-employed. He explained he could do the latter work in a manner consistent with his physical condition. Plaintiff was paid compensation for a period of seven weeks.
Leon Bigner, plaintiff’s employer, testified that prior to the accident plaintiff had performed work for him as a bulldozer operator and truck driver and when he returned to him for lighter work upon the advice of Dr. Davis, he employed Porter in the lightest work he had available, as a “swamper” and driver of a pick-up truck. He was explicit in his testimony that plaintiff complained of pain and did not engage in the strenuous work performed prior to his injury.
The medical evidence is replete with the testimony of Dr. J. M. Kittrell of Jena, a general practitioner, Dr. Ford J. Macpher-son, orthopedist, Dr. Heinz K. Faludi, a neurosurgeon, Dr. John B. Sutton, a neurosurgeon, Dr. Paul M. Davis, Jr., orthopedist, and Dr. Frederick C. Boykin, neurosurgeon.
Dr. Kittrell examined plaintiff on February 8, 1957, with the benefit of X-ray pictures taken by Dr. Davis and other examining doctors. His finding was that Porter had a badly crippled back resulting from what is termed a lumbarization, a congenital condition described as an anchoring of the last vertebra to the side of the pelvis. He testified that this caused an unstable condition and because of the accident sustained by plaintiff, his back was badly injured and crippled, rendering him totally and permenantly disabled for hard manual labor. He expressed the further opinion that he found certain conditions existing which constituted cardinal factors in the diagnosis of a ruptured disc. These he listed as loss of muscle volume in the left buttocks, tenderness on pressure over the fifth lumbar vertebra, the sacrum and the paravertebral space on the left. He found the left foot colder than the right and a difference in sensation resulting from pin prick.
Dr. Macpherson examined plaintiff on July 5, 1956, and reached the conclusion he was totally disabled as a result of his back condition, his findings pointing to a ruptured disc. He testified it was his opinion plaintiff would not be well without surgery, and at the time of trial he was not *480 physically able to do manual labor. His finding's as to the congenital condition of plaintiff’s back and its condition resulting from the accident were substantially the same as those of Dr. Kittrell.
Dr. Faludi examined Porter on January 4, 1957. This medical specialist likewise found that plaintiff had a congenital condition of the lumbo sacral region and opined the accident superimposed a severe strain upon the lumbosacral and left sacroiliac joints. It was his opinion plaintiff was unfit for heavy manual labor and that contingent upon returns from a myelogram an operation on the back should be undertaken.
Dr. Sutton as a result of his examination made on January 4, 1957, determined plaintiff was suffering from diminution of pain and touch sensation on the left foot and left calf and that most of plaintiff’s complaints could be explained by the unstable back. It was his conclusion that Porter could not pursue the occupation of a truck driver without severe pain.
The employee was repeatedly examined by Dr. Davis from November 29, 1955, until December 13, 1956, during which time the doctor prescribed a pad for his left heel and a Williams brace. He directed plaintiff in December of 1955 to undertake light work as conducive to his recovery. His initial diagnosis was that the employee sustained a sprained back which at the time was acute, but it was his opinion at the time of trial plaintiff had sufficiently recovered to be able to resume his former occupation.
Dr. Boykin’s examination made on January 4, 1957, revealed negative findings except that the witness was not too fixed in his opinion that Porter could not have a disc lesion.
The defendant introduced evidence consisting of motion pictures taken of plaintiff subsequent to the accident and while engaged in performing some mechanical work in a garage of which he was the proprietor. The pictures show plaintiff bending and stooping, welding and carrying a pipe which appears to be an iron pipe three or four inches in diameter and having a length of six or seven feet. We do not consider this evidence too persuasive. Testimony elicited from some of the medical witnesses is that a person with a disc injury may have periods of remission at which time pain is not felt. However, our impression from the pictures is that plaintiff was not shown to be doing any extremely heavy lifting, and his movements in stooping and bending appeared slow and labored as if conducted with difficulty.
Leon Bigner and several other witnesses testified to the effect that subsequent to his accident plaintiff performed extremely heavy lifting in connection with the repair of a caterpillar tractor. The evidence indicates to our satisfaction, however, that such incidents were accompanied by the use of mechanical devices and methods which substantially relieved plaintiff’s body of the greater portion of the burden.
Plaintiff called to the witness stand a number of neighbors, friends and fellow employees, all of whom testified the plaintiff, subsequent to the accident, complained constantly of pain whenever he worked for any extended period of time. We think clearly the lay testimony discloses Porter was not able to perform the duties of his former employment as of the time of trial, except with a great deal of pain.
The foregoing medical testimony tendered herein, in our opinion, shows that at the time of trial plaintiff was suffering from an injury to his back, sustained in the accident on November 8, 1955, and was still unable to perform without considerable pain the duties of a truck driver and bulldozer operator. The preponderance of the medical testimony is that as of the time examined plaintiff was experiencing a severe back injury with prognosis so indefinite his disability must be classified under the provisions of the Workmen’s Compensation Act as being total and permanent.
The authorities are legion to the effect that an injured employee will not be *481 precluded from recovery of compensation by the fact he sought and performed manual labor where such labor caused him pain and discomfort. The test of his disability under the Louisiana Workmen’s Compensation Act is whether the employee can do the same work he was doing at the time of his accident in the customary way without any unusual difficulty or pain. LSA-R.S. 23:1221; Strickland v. W. Horace Williams Co., 5 Cir., 230 F.2d 793, certiorari denied 77 S.Ct. 75, 352 U.S. 852, 1 L.Ed.2d 63.
The trial court correctly, we think, denied plaintiff’s claim for statutory penalties. Such penalties are not assessed unless the insurer fails to pay the insured within sixty days after receipt of satisfactory proofs of loss and such.failure is found to be arbitrary, capricious, or without probable cause. In the instant case the defendant was justified in acting upon the recommendation of Dr. Davis who had occasion to treat and examine plaintiff for a period of more than a year following the accident.
For the reasons hereinabove set out, the judgment from which appealed will be affirmed, defendant appellant to pay all costs of the suit.