United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41370
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

HENRY CRUZ-BARRAZA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-253-ALL
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

    Henry Cruz-Barraza appeals his guilty-plea conviction and sentence for illegal reentry into the United States following deportation after having been convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b). The Government has moved to dismiss the appeal, arguing that the sentence appeal waiver in Cruz-Barraza's plea agreement bars his appeal.

    Our review of the record indicates that, contrary to the plea agreement, the magistrate judge and the district court

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

advised Cruz-Barraza that he retained the right to appeal an illegal sentence. Thus it cannot be said that Cruz-Barraza knowingly and voluntarily waived his appeal rights. Consequently, we hold that the appellate-waiver provision in Cruz-Barraza's plea agreement is unenforceable. The Government's motion to dismiss the appeal is DENIED.

Cruz-Barraza argues, for the first time, that his sentence pursuant to a mandatory sentencing guidelines regime was unconstitutional in light of United States v. Booker, 125 S. Ct. 738 (2005). The parties agree that plain error review applies.

The mandatory application of the guidelines is an error that is plain. United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). To prevail, however, Cruz-Barraza must show that his substantial rights have been affected. Id. To meet this burden, he must establish that the error "affected the outcome of the district court proceedings." Id. (quoting United States v. Olano, 507 U.S. 725, 734 (1993)).

Nothing in the record indicates that the district court would have imposed a lesser sentence had the guidelines been advisory. Accordingly, Cruz-Barraza's argument fails.

Cruz-Barraza next claims, for the first time, that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b) are unconstitutional. Cruz-Barraza's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United

States, 523 U.S. 224, 235 (1998). Although Cruz-Barraza contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Cruz-Barraza properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Cruz-Barraza has moved for leave to supplement the record on appeal and to file a supplemental brief. In his supplemental brief, Cruz-Barraza seeks to argue that the district court plainly erred by applying a 16-level enhancement to his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A) based on his prior conviction for burglary of a habitation.

Cruz-Barraza's motion and supplemental brief contain new arguments, raise new issues, do not supplement the initial brief as contemplated by the rules, and are not reply briefs. See FED. R. APP. P. 28(a), (c), (j); 5TH CIR. R. 28.5. Accordingly, they would not properly supplement the record or briefs. Moreover, because issues not raised in an appellant's initial brief as required by FED. R. APP. P. 28 are deemed waived, he has waived the arguments raised in his motion and supplemental brief. See

<u>United States v. Ogle</u>, 415 F.3d 382, 383 (5th Cir. 2005).

Cruz-Barraza's motions are DENIED.

Cruz-Barraza has failed to raise a meritorious issue on appeal.  Accordingly, the district court's judgment is AFFIRMED.

AFFIRMED; MOTIONS DENIED.